John J. Walsh, J.
This is a motion to allow defendant to inspect the Grand Jury minutes, or in the alternative, that the court shall inspect the minutes of the Grand Jury, with a view to determining whether or not there exists sufficient basis for the indictment.
Since the argument of the motion discloses clearly the purpose and intent of the motion and the position of the People with respect to the facts, no useful purpose appears why the minutes should be inspected. The issue resolves itself into a question of law and not of fact.
Defendant is charged with violating subdivision 1 of section 1897 of the Penal Law by the possession of a dangerous knife concealed on his person with intent to use the same unlawfully against another. The charge is a felony by reason of a previous conviction in the Bronx County Court.
The defendant contends that there must be evidence before the Grand Jury to show an “ unlawful intent ” and he desires inspection of the minutes to show such lack of evidence.
Subdivision 1 of section 1897 of the Penal Law provides: “ A person who * * * with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine-gun, sawed off shot-gun, or any other dangerous or deadly instrument, or weapon, is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony.”
Section 1898 of the Penal Law provides a presumption which is the crucial issue on this motion. “ The possession by any *996 person other than a public officer, of any of the weapons, instruments or appliances specified in sections eighteen hundred and ninety-seven and eighteen hundred and ninety-seven-a, except as permitted therein, is presumptive evidence of carrying, concealing or possessing with intent to use the same in violation of this article.” (Italics supplied.)
Defendant relies on the case of People v. Adamkiewicz (298 N. Y. 176) as authority for the proposition that in this case the People must have sufficient evidence of an unlawful intent and cannot rely upon the presumption.
This court has carefully considered the Adamkiewicz case and finds that it supports the People, not the defendant.
In that case, the instrument was an u ice pick ” not specifically mentioned in subdivision 1 of section 1897 but included in the general term of “ dangerous weapon.” The court said (p. 179): “ If the instrumentality or weapon possessed is one of those specifically mentioned in the statute, then such intent is presumed from possession without more (Penal Law, § 1898) and this applies to items which ordinarily and readily fall within the group of items so specified.” (Italics supplied.)
The court then went on to state that ‘ ‘ To apply the statutory presumption to the possession of a tool of every day use violates the spirit and intent of enforcement procedure.”
The court then concluded by holding that the Legislature ‘ ‘ intended to thereby limit the applicability of the presumption to possession of those specified and such other as naturally fall into the same grouping; and that to constitute a crime for possessing those instruments or weapons falling within the generality of the statute there must be proof of an intent to use the same unlawfully against another” (pp. 179-180; italics supplied).
People v. Charles (9 Misc 2d 181) was a similar holding relative to an air pistol which was not ‘ ‘ specified ’ ’ in the statute but included within the general term of ‘ ‘ any other dangerous or deadly instrument, or weapon ”.
In the instant case, the instrument possessed is within the specified classification and the People are aided by the presumption. There may have been evidence of unlawful intent before the Grand Jury but it is not necessary at this time to consider that question.
Ordered accordingly.