Benjamin Gassman, J.
The defendant, in a two-count indictment, was charged with (1) feloniously possessing a narcotic drug with intent to sell, and (2) feloniously possessing a narcotic drug. On May 16, 1961 defendant withdrew his not guilty plea previously interposed and pleaded guilty to attempted felonious possession of a narcotic drug, under count 2 of the indictment, to cover the entire indictment. On the day of sentence the defendant moved to withdraw his plea of guilty, on the basis of the United States Supreme Court decision in Mapp v. Ohio (367 U. S. 643). The District Attorney opposes the granting of that motion.
Mapp v. Ohio (367 U. S. 643), concerns itself with evidence admitted on a trial, which was illegally seized in a search conducted without a warrant. The majority opinion held that “ all evidence obtained by searches and seizures in violation of the Constitution is # * * inadmissible in a state court” (p. 655). The United States Supreme Court likened evidence so obtained to a confession made by a defendant under duress, and quoted the following from its decision in McNabb v. U. S. (318 U. S. 332) : “ ‘ this court has, on Constitutional grounds, set aside convictions, both in the federal and state courts, which were based upon confessions “ secured by protractéd and repeated questioning of ignorant and untutored persons, in whose minds the power of officers was greatly magnified ” * * m or “who have been unlawfully held incommunicado without advice of friends or counsel ” ’ ” (pp. 649-650).
*1085 The decision in Mapp v. Ohio penetrates deeply into the rules of evidence which guide the courts of this State. Obliterating ■the principle of People v. Defore (242 N. Y. 13 [1926]), which previously enjoyed the sanction of the Supreme Court (Wolf v. Colorado, 338 U. S. 25 [1949]), the Mapp case now commands State courts to bar from evidence material obtained by searches and seizures in violation of the Fourth Amendment of the Constitution of the United States.
This new evidentiary proscription, however, has no bearing upon the situation presented by the defendant’s motion in the instant case. Even if a hearing should disclose that the evidence in this case was unlawfully seized in an unconstitutional search, the consequent inadmissibility of such evidence at a trial does not affect the validity of the defendant’s plea of guilty. “ The defendant had a right to waive his preliminary examination and to plead guilty upon arraignment even though the State did not have in its possession evidence upon which he could have been convicted upon a trial” (Bartozek v. State, 186 Wis. 644-646 [1925]). In Sorenson v. State (178 Wis. 197, 201), the court said: “ In a criminal case if a plea of guilty is understandingly entered by a sane adult defendant no further trial than the proper pronouncement of a sentence is required. * * * The reception of such a plea and a lawful sentence thereon violates no guaranty of either our own or the federal constitution, but on the other hand constitutes due process of law.”
‘ ‘ The sentencing of an innocent person upon a plea of guilty is one thing, while the sentencing of a guilty person upon such a plea is quite another. The defendant makes no claim of innocence, but evidently takes the position that his application should be granted for the sole reason that the State does not have at hand legal proof of his guilt. He makes no claim that justice has not been done. Under such circumstances this court will not interfere with the action of the trial court in the absence of any violation of constitutional or lawful rights ” (Bartozek v. State, supra, p. 647).
In the case at bar, the court accepted the defendant’s plea of guilt to a reduced charge wholly on the basis of his full admissions in open court, after consultation with counsel of his own choosing, that he was in actual knowing possession of the narcotics in question, to wit: six ounces or more of heroin. The minutes indicate that he made such admissions of his own free will and without force or coercion on anybody’s part. He does not claim on this motion that the admissions made by him in open court were the result of fraud, trickery, deceit, duress, or mistake of fact. Nor does he now disclaim or disavow Ms admission of guilt.
*1086 In effect, he says: “I admit that I am guilty and that I pleaded guilty voluntarily. However, since then, I discovered that if I had not pleaded guilty, the People could not have established a case ”. We might well try to apply such reasoning to a hypothetical case in order to illustrate the lack of merit in it. Let us assume that a defendant, charged with a serious crime, was permitted to plead guilty to a reduced charge, on the recommendation of the District Attorney who stated that he had only one eyewitness. Assuming that between the date of pleading and the date of sentence, the sole eyewitness died. The defendant, on sentence day, applies for permission to withdraw his plea of guilty, saying: “I know that I am guilty. However, I have just discovered that the People no longer have available to them the one witness who could convict me ”. It is clear from such facts that the circumstances would not warrant the exercise of the court’s discretion to permit the withdrawal of the plea. That, precisely, is the situation here.
The defendant’s motion, brought under section 337 of the Code of Criminal Procedure, is one addressed to the discretion of the court. After a close examination of the facts and circumstances in this case, I find that the defendant has not advanced convincing grounds for the withdrawal of his guilty plea, taken by the court, with all due respect for the rights of the defendant, and predicated upon his open admission of guilt. (Bartozek v. State, supra ; Carr v. State of Indiana, 194 Ind. 162 [1924].) To hold otherwise would sanction and foster the view that the law is a game rather than a diligent attempt to base justice on truth. It would be both unreasonable and repugnant to the ends of justice to allow a defendant, who has freely acknowledged his guilt, to withdraw his plea of guilty upon the sole ground that he lately discovered that some crucial item of evidence is unavailable for use against him. Accordingly the motion is denied.