John- H. Galloway, Jr., J.
Defendant moves for leave to withdraw his plea of guilty, entered on March 6, 1961, to the crime and misdemeanor of unlawful possession of firearms, and to substitute therefor a plea of not guilty.
On October 25,1960, defendant was indicted under subdivision 4 of section 1897 of the Penal Law, on a charge of feloniously possessing firearms after a prior conviction, to wit, 19 revolvers and pistols on August 31,1960 without a written license therefor. On November 15,1960, he pleaded not guilty to that charge. On March 6,1961, being represented by counsel, defendant withdrew his plea of not guilty, and pleaded guilty to the reduced crime and misdemeanor of unlaAvful possession of firearms.
When the matter came on for sentence on October 25, 1961, defendant Avas granted an adjournment to make the instant motion, Avhieh Avas fully submitted on December 26, 1961.
In support of his motion, defendant urges íavo grounds: First, that because he Avas the victim of improper police procedure Avhieh resulted in the denial of his application for the renewal of his 1959 licenses as a gunsmith and dealer in firearms (which expired in December, 1959), he had no guilty knoAvledge or intent to violate the statute here involved, and that the “ facts ” of such police action in failing to process his application for such license renewals was discovered by him after his plea of guilty ; Second, that the police, on the day of his arrest on August 31, 1960, “ forced their way into the defendant’s premises without a warrant and found nineteen guns; ” that he was thereby subjected to an illegal search and seizure, and that the evidence so procured is inadmissible against him, under Mapp v. Ohio (367 U. S. 643).
Careful reading of the moving and opposing papers herein reveals that, contrary to the impression defendant seeks to convey, he was advised by the Mt. Vernon Chief of Police in January, 1960, Avhen he applied for reneAval of his licenses, that his papers would be held, and his application probably would not be granted because of his prior conviction “ of a misdemeanor.” He further admits that a week prior to his arrest, on August 31, 1960, the Mt. Vernon police called at his shop and warned him to got rid of his entire stock of handguns and pistols because his license had not been rencAved, and that he then held such guns Avithout a license.
Defendant’s application, which is addressed to the discretion of the court, is Avithout merit. In the first place, all the ‘ ‘ facts ’ ’ *672 now urged for leave to withdraw his plea of guilty were known to him at the time he withdrew his former plea of not guilty and pleaded guilty. In. the second place, his argument that he did not knowingly possess the .firearms in quostiop, due to the failure of the police to process his license renewal application, is specious, because proof of unlawful intent is unnecessary in the instant case. Since the revolvers and pistols mentioned in the indictment are weapons or instruments specified in subdivision 4 of section 1897 of the Penal Law, the possession thereof is presumptive evidence of unlawful intent, pursuant to the express provisions of section 1898 of the Penal Law. (Cf. People v. Davis, 15 Misc 2d 994.) Thus, scienter, or guilty knowledge or intent is not an element of the crime here charged under subdivision 4 of section 1897 — i.e., of possession of a revolver or pistol of a size which may be concealed upon the person, without a written license therefor. On such a charge, possession is not merely evidence, but is the essence of the crime itself — the corpus delicti. (Cf. People v. Spillman, 309 N. Y. 295, 300-301.)
In the third place, defendant’s argument, based on the alleged illegal search and seizure, lacks merit on its face on the facts he himself relates. On the day of his arrest in his gunshop, he was obviously in violation of subdivision 4 of section 1897 of the Penal Law, a crime being committed in the presence of the arresting police officers. Any “search and seizure” then made were clearly incident to a lawful arrest under subdivision 1 of section 177 of the Code of Criminal Procedure.
But, assuming, arguendo, that the evidence (revolvers and pistols) was illegally seized, that it may be inadmissible at a trial under Mapp v. Ohio (supra) does not, in the least, affect the validity of defendant’s plea of guilty or entitle him to withdraw it. The essential facts, which defendant now labels “ newly discovered evidence ” were known to him, or should have been known to him when he entered his plea of guilty. We cannot reasonably assume that he did not then take into consideration that, under Mapp v. Ohio, without the 1 ‘ illegally seized evidence ”, the People did not have sufficient evidence to convict him.
We conclude that defendant has failed to advance sufficient or convincing grounds for the withdrawal of his guilty plea taken by the court upon his open admission of guilt, in the face of facts then known or readily available to him. The circumstances here disclosed do not warrant the exercise of the court’s discretion to permit the withdrawal of the guilty plea. (People v. Bertrand, 28 Misc 2d 1084.) Accordingly the motion is denied.