David 0. Boehm, J.
The defendant was indicted in a two-count indictment charging him with the violation of subdivisions 2 and 8 of section 265.05 of the Penal Law of the State of New York.
*812 A motion directed to the dismissal of subdivision 8 of section 265.05 has been made on the ground that the weapon in question has not been defaced within the statutory definition as set forth in subdivision 7 of section 265.00.
The question before the court is whether the sawing-off of the barrel and stock of the weapon in question constitutes sufficient evidence upon which to sustain count one of the indictment.
On August 1, 1971 the police went to 109 Walnut Street in Eochester on complaint of a man shooting inside of a house. Upon arrival, they found the defendant in the house and several firearms and knives. One of the firearms, which is the subject of this indictment, was a .22 calibre rifle with its stock cut down and its barrel sawed off to a length of 7 inches. Its over-all length is only 15 inches.
It is conceded by the District Attorney that the weapon had no manufacturer’s serial number or identification and that the defendant therefore did not remove or obliterate the same.
Subdivision 8 of section 265.05 makes it illegal to knowingly possess a machine-gun or firearm ‘ ‘ which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun or firearm”.
The District Attorney argues that the word “deface” is intended to include the shortening of a weapon as was done in this case because the purpose of such shortening is to conceal it. Making a firearm small enough to be hidden on one’s person would be directed towards concealment of that firearm and, the District Attorney states, would, therefore, fall within the prohibited conduct.
It appears to have been the intention of the Legislature to include the possession of sawed-off rifles and shotguns within the criminal conduct of article 265 of the Penal Law. The apparent purpose, among others, was to prohibit the carrying of concealable weapons without having a license to do so. This was done by defining “firearm” in subdivision 3 of section 265.00 as a “ sawed-off shotgun or other firearm of a size which may be concealed upon the person”. The actual prohibition is contained in subdivision 2 of section 265.05 which makes it illegal to possess a firearm and a quantity of ammunition for use in it and the defendant has been accused in a separate count of this violation also.
However, under no stretch of the imagination can the clear language of the statute be interpreted to include in the definition of “ deface ” the shortening or sawing down of a weapon.
*813 Subdivision 7 of section 265.00 defines “ deface ” with unambiguous particularity, as follows: “ to remove, deface, cover, alter or destroy the manufacturer’s serial number or any other distinguishing number or identification mark ”.
It is clearly apparent from this definition that the Legislature intended “ deface ” to mean something quite different than the adaptation of a weapon to make it concealable. Its intention is obvious from the words employed and the definition used, and the meaning has the same clear construction as that found in subdivisions (g) and (h) of section 5861 of the Internal Revenue Code which make it unlawful to ‘ ‘ obliterate, remove, change, or alter the serial number or other identification of a firearm ” or “to receive or possess a firearm having the serial number or other identification required by this chapter obliterated,. removed, changed or altered”. (U. S. Code, tit. 26, § 5861, subds. [g], [h].)
Absent any indication that the weapon was defaced, as that word is defined in the Penal Law, the first count of the indictment must be dismissed as having no factual basis. The motion to dismiss the first count is, therefore, granted.