Moses M. Weinstein, J.
Petitioner [defendant] comes before this court to enforce bis civil right to liberty. He resorts to the great writ of habeas corpus which has for centuries been the only real and sufficient bastion of personal freedom and dignity. He inquires not into the offense charged to him but into the esteemed right to liberty which is the matrix of our judicial system. The instant writ tests the legality of petitioner’s detention, notwithstanding the criminal act he is alleged to have committed.
The sole issue to be decided by this court is one of jurisdiction over the person of the petitioner.
A hearing was held before this court on January 19, 1973 and January 22, 1973 and the court has examined the minutes of a hearing held in the New York City Criminal Court, Queens County, on December 14, 1972. The following findings of fact and conclusions of law are made in the absence of any testimony offered before the court by any person aboard flight No. 101 from the Bahamas to Luxembourg:
On December 7, 1972 petitioner boarded Air International Bahamas’ flight No. 101 bound from the Bahamas to Luxem *647 bourg. While on board, the petitioner had concealed on his person a loaded .38 caliber revolver and a quantity of ammunition. At some time during the flight, the captain became aware of the fact that petitioner might possibly be carrying a firearm. There is some indication that the petitioner, severely handicapped and ambulatory only with the aid of prosthetic devices, caused. himself to be unruly. The extent to which petitioner was unruly on board the plane, if in fact he was, cannot be ascertained from the evidence before the court. Suffice it to say that the captain of flight No. 101, for reasons best known to himself, saw fit to interrupt the course of the plane which was flying over international waters and effected a landing in the County of Queens at the John F. Kennedy International Airport. The landing was made at approximately 12:35 a.m. on December 8, 1972. Officers from the Port Authority Police Department, in "response to a radio transmission, went to the runway where the plane, with petitioner on board, was waiting. One of the officers boarded the plane, approached the defendant-petitioner, and inquired of him as to whether or not he had a weapon. The petitioner answered that he did have a weapon which he allowed to be removed from his person. He was then arrested and charged with a violation of subdivision 2 of section 265.05 of the Penal Law of the State of New York after his admission that he had no license to possess or carry the weapon in question. Subdivision 2 of section 265.05 of the Penal Law is as follows: ‘ ‘ Any person who has in 'his possession any firearm which is loaded with ammunition, or who has in his possession any firearms and, at the same time, has in his possession a quantity of ammunition which may be used to discharge such firearm is guilty of a class D felony ’ ’.
Intent is not an element of the-crime of possessing, without a license, a loaded pistol or revolver which might bé concealed on the person of an accused (People v. Terwilliger, 172 Misc, 70). Guilty knowledge, or scienter is not an element of the crime of unlawful possession of a firearm.
“ The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing.” (Penal Law, § 15.10). The doing of an act may by statute be made criminal without regard to the doer’s intent or knowledge, but an involuntary action is not criminal. (Hornstein v. Paramount Pictures, 266 App. Div. 828.)
. The court finds that the petitioner, "William Jesse Newton, Jr., did not subject himself to criminal liability by virtue of a vol *648 untary act. Flight No. 101 was not scheduled to terminate in or pass through the territorial jurisdiction of the United States. The landing at John F. Kennedy International Airport on December 8,1972 was merely an interruption of flight not attributable to a voluntary action by the petitioner. No documentary evidence or official records are before- this court to indicate anything to the contrary. This court will not create jurisdiction where none exists, solely on the basis of a fortuitous happening. It is therefore, the opinion of -this court that the writ of habeas corpus be sustained and the petitioner be discharged from custody forthwith.