Alfred H. Kleiman, J.
Pursuant to subdivision 2 of CPL 180.10 a hearing was held upon the issue of whether there was sufficient evidence to warrant the court in holding the defendant for the action of the Grand Jury.
The felony complaint charged the defendant with having committed the crimes of defacing a firearm (Penal Law, § 265.10) and possession of a dangerous weapon (Penal Law, § 265.05). *505 Essentially, the testimony adduced at the hearing was that the defendant was seen as a passenger in a taxicab carrying on his lap, in open view, a loaded sawed-off .22 calibre rifle.
As to the charge of willfully defacing a weapon (Penal Law, § 265.10, subd. 6), a person possessing a defaced firearm is presumed to have defaced same (Penal Law, § 265.15, subd. 5). Is the sawing down of a rifle, defacement within the meaning of the Penal Law? ££ Deface ” is defined to mean ££ to remove, deface, cover, alter or destroy the manufacturer’s serial number or any other distinguishing number or identification mark.” (Penal Law, § 265.00, subd. 7). As pointed out in People v. Keating (68 Misc 2d 811, 813 [1972]), it is ££ apparent from this definition that the Legislature intended £ deface ’ to mean something quite different than the adaptation of a weapon to make it concealable ”, assuming such was the purpose of sawing down a firearm. Clearly the statute has placed a very limited meaning to the word ££ deface ” and accordingly there concededly being no evidence that defendant defaced the manufacturer’s serial number or other distinguishing number etc., the court has insufficient reason to believe the defendant committed this felony.
As to the charge of possession of a dangerous weapon, subdivision 2 of section 265.05 of the Penal Law provides that any person ££ who has in his possession any firearm which is loaded with ammunition * * * is guilty of a class D felony.” (Emphasis mine). Therefore, the question before this court is whether the evidence of possession of a “ sawed-off ” rifle is sufficient evidence for the court to believe the defendant possessed a ££ firearm” within the meaning of the Penal Law. Subdivision 3 of section 265.00 defining a ££ firearm ” as any £ £ pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person,” omitted a rifle from its definition. The issue thus before the court is whether a rifle, which has been shortened by the sawing off of a major part of the barrel so that its over-all length is 16 inches, as testified to at the hearing, retains its apparent statutory exemption from the definition of a “ firearm” (cf. People v. Raso, 9 Misc 2d 739 [1958]) or falls within the statutory classification of a concealable weapon.
The defendant argues that the weapon is a rifle, which is described in subdivision 11 of section 265.00 of the Penal Law as one ££ designed or redesigned, made or remade, and intencEed to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed *506 metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.” No expert, or other testimony was introduced to give the court reason to believe that the weapon in issue, in its present altered state, has retained the afore-mentioned statutory attributes. But even if there had been such evidence, this court is of the opinion that a rifle loses its statutory exemption once it is reduced to the size that it may be concealed on the person. The gist of this crime is not concealment, but possession of a weapon that may be concealed. The “ legislative intent in respect of subdivision 3 of section 265.00 was directed to a type of weapon which could be concealed upon the person ” (People v. Palermo, 36 A D 2d 565 [4th Dept., 1971]) and accordingly this court holds it has sufficient evidence to believe that defendant possessed a firearm of the size which could be so concealead. Therefore, there being reasonable cause to believe that defendant committed a felony, it is ordered that he be held for the action of the Grand Jury.'