■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY FOSTER, Appellant.— Judgment insofar as it convicts defendant of violation of subdivision 8 of section 265.05 of the Penal Law unanimously reversed on the law and the count thereon dismissed and otherwise judgment affirmed. Memorandum: Defendant appeals from his conviction on the three counts for which he was indicted, namely: possession of a weapon loaded with ammunition, possession of a firearm which had been defaced for the purpose of concealment or prevention of detection of crime or misrepresentation of the identity of such firearm and resisting arrest. We find that the record sustains the conviction on the first and third counts. The thrust of subdivision 8 of section 265.05 of the Penal Law is to prohibit possession of a defaced weapon. To "deface", according to subdivision 7 of section 265.00 of the Penal Law, "means to remove, deface, cover, alter or destroy the manufacturer's serial number or any other distinguishing number or identification mark". No evidence was produced to show that the weapon was defaced as to any serial number or any identification mark. To shorten or alter the gun by sawing it, as was alleged to have been done with the weapon in the case at bar, cannot under the clear language of the statute be included in the definition of "deface" (*People* v. *Keating,* 68 Misc 2d 811). Absent any proof in the record that the weapon was defaced, the conviction on the second count should be reversed and the indictment on that count dismissed. (Appeal from judgment of Erie Supreme Court convicting defendant of possession of a weapon and resisting arrest.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Henry, JJ.