█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILLIP CARLO, Appellant.— Judgment, Supreme Court, New York County, rendered December 17, 1971 convicting defendant after a trial by jury of assault in the third degree and possession of a weapon as a felony and sentencing him to a term of imprisonment with a maximum of three years on the assault charge, and six months on the weapon charge, the terms to run concurrently, unanimously reversed, on the law, and a new trial directed. Under the unique facts of this case, it was error to refuse to charge with respect to involuntary intoxication. If the defendant's testimony was believed, the jury could have found that he was acting under the influence of an hallucinogenic drug and was unable to control his behavior. Further, there was evidence to support the conclusion that the drug was taken involuntarily, for it could have been found that the defendant thought that the pill, which he claimed was given to him by the complainant, was in the nature of an aspirin or tranquilizer, and that the complainant, knowing defendant did not intend or wish to take an hallucinogenic drug, nevertheless, intentionally and deceptively, gave the defendant a pill of that character. Moreover, the defense of involuntary intoxication was applicable to both the assault and weapon charges since " criminal liability " requires at the very least a " voluntary act ". (*People* v. *Robinson,* 2 Parker Cr. Rep. 235, 304; Penal Law, § 15.10; see 22 C.J.S., Criminal Law, § 69). And, contrary to the People's contention, the failure to charge involuntary intoxication was relevant to the weapon charge since there was testimony indicating that defendant obtained the gun only after he was inside the apartment and after he ingested the pill. Additionally, although no objection was taken, we note that the court committed error when it instructed the jury that voluntary intoxication could not be considered with respect to the crime of assault in the third degree. However, since that crime includes the element of " intent to cause physical injury " (Penal Law, § 120.00, subd. 1), the issue of intoxication could be considered " to negative" that element of the crime (Penal Law, § 15.25; *People*

v. *Orr,* 43 A D 2d 836; see, also, *People* v. *Jones,* 27 N Y 2d 222). Finally, error was committed by the failure to allow the witness Stackman to testify as to the complainant's reputation for truth and veracity. The witness stated that he knew the complainant for 10 years; had recently employed her for five months; and knew her reputation for truth and veracity in the community. Accordingly, it is clear that a proper foundation was laid and the testimony should have been permitted. (*Carlson* v. *Winterson,* 147 N. Y. 652; Richardson, Evidence [10th ed.], § 494.) Concur — McGivern, P. J., Nunez, Kupferman, Murphy and Tilzer, JJ.