Isidore Levine, J.
Respondent herein, age 15, is charged with the following acts which would be crimes if committed by an adult: menacing (Penal Law, § 120.15), criminal possession of a weapon (Penal Law, former § 265.05, subd [3], now Penal Law, § 265.01, subd [1] and § 265.02, subd [1]), and criminal possession of a defaced weapon (Penal Law, former § 265.05, subd [8], now Penal Law, § 265.02, subd [3]). The menacing charge was dismissed at trial for failure to produce the complaining witness. The weapon in question, a sawed-off shotgun, was recovered, vouchered, and offered into evidence herein by the Corporation Counsel.
*522 The respondent, by his attorney, moved for the suppression of the weapon, and the incriminating admission of respondent, which lead directly to the recovery of the weapon, under the rule in Miranda v Arizona (384 US 436, 467-473), in view of the failure of the arresting officer to warn respondent of his constitutional right against self incrimination. The facts leading up to the recovery of the weapon are as follows:
The arresting officer was called by radio-run, by the mother of the respondent, to the apartment where respondent resided with his mother. He had a conversation with respondent where he was told that respondent had been assaulted by another young man, one Jose L., and that as a result of this assault, respondent’s jaw was broken.
The police officer proceeded to the apartment of Jose L., the alleged assailant. The respondent’s mother remained in the hallway outside L.’s apartment with another police officer. L., the alleged assailant, related that he had hit respondent because said respondent had threatened him and pointed a shotgun at him. At that point the officer turned to the respondent and asked him whether he had a shotgun. The respondent stated "no”. He was then asked again by the officer whether he had a shotgun and finally he said "yes”. The officer then asked him where the shotgun was and respondent answered that it was in his apartment. They then proceeded back to the apartment of the respondent and were shown where the weapon was by the respondent.
Matter of Kwok T. (81 Misc 2d 911) is considered by this court to be most persuasive on the matter of the admissibility of the respondent’s incriminating statement and of the contraband in evidence. In Kwok, as in the case at bar, a juvenile was also charged with the possession of a dangerous weapon. Based on photographs depicting Kwok with a weapon, that had come into the possession of the investigating officers, the said officers stopped Kwok on the street and one of them said to him, "I want those guns”. Respondent replied in substance that he didn’t have the pictured guns but had some others in his apartment. (Matter of Kwok T., 81 Misc 2d 911, 916, supra.) This admission led to the search which revealed weapons in the respondent’s possession, which, in turn, led to the petition against the respondent for juvenile delinquency.
"Since the photographs gave reasonable grounds for suspicion that respondent had recently committed or was still committing the crime of illegal possession of a gun, the 'stop- *523 and-frisk law’ (CPL 140.50) authorized the detective to stop respondent. The law’s dual purposes of apprehending criminals and preventing continuance of crime were both served by the detective’s act.
"While New York’s 'stop-and-frisk’ law provides for questioning as to the suspect’s 'name, address and an explanation of his conduct,’ the 'common-law power to inquire’ may be broader in regard to the scope of the questions. [Citation omitted.] Nor does the Constitution appear to limit the police power to stop and question as narrowly as the New York statute, although the precise scope of permissible questioning remains undefined. [Citations and quotations omitted.] Here where respondent was stopped on the basis of photographs showing him in possession of apparent contraband, a question as to the whereabouts of the contraband seems permissible.
"Respondent invokes the rule of Miranda v Arizona * * * as to the necessity for warnings prior to the questioning of a suspect. However, while a person subjected to a police street stop is by definition under temporary restraint, it has never been thought that he should be deemed in custody in the Miranda sense or that the Miranda rule applies to investigative questioning during a brief stop. [Citations omitted.] By the same token, the special protection afforded juveniles by the guarantee of the presence of a parent during a Miranda questioning, is inapplicable to brief, on-the-street, investigative questioning; a contrary conclusion would abrogate the 'stop- and-frisk’ law in relation to juveniles.” (Matter of Kwok T., 81 Misc 2d 911, 916-917.)
In accord with the foregoing, this court views the events leading up to respondent’s arrest in a similar light. The accusation of the alleged assailant gave reasonable grounds for suspicion that respondent had recently committed the crime of possession, or was in fact still committing the act. The conditions under which respondent herein was questioned did not amount to such custodial restraint as to mandate the issuance of the Miranda warnings. The questioning which led to the recovery of the weapon was not in violation of the respondent’s constitutional rights, and the evidence thereby, seized as a consequence, is not tainted such as to require its suppression at trial.
The court now considers the merits of the petition. Respondent is charged with violation of subdivision (1) of section 265.01 and subdivision (3) of section 265.02 of the Penal Law *524 which make possession of a firearm or a defaced firearm a class D felony. The definition of firearm is found in subdivision 3 of section 265.00 of the Penal Law, which includes, "any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person”. There are separate and distinct definitions for "rifle” and "shotgun” in subdivisions 11 and 12 of section 265.00 of the Penal Law.
It is clear from the evidence adduced at trial that, although the weapon recovered herein was, in fact, a sawed-off shotgun, it was 22¼ inches long. There is considerable case authority to the effect that a sawed-off shotgun of more than 18 inches in length is not a concealed weapon as defined in subdivision 3 of section 265.00 of the Penal Law. (See People v Palermo, 36 AD2d 565; People v Roberts, 73 Misc 2d 500, appeal dsmd 79 Misc 2d 243.)
The allegation of possession of a defaced weapon, as set forth in the petition, cannot apply herein, if, in fact the weapon in evidence is not a firearm. The definition of "deface” can only apply to a weapon defined as a "firearm” or "machine-gun”. (Penal Law, § 265.02, subd [3].) Further, merely sawing off a portion of a weapon is not an act sufficient within itself to fall within the definition of "deface” as set forth in subdivision 7 of section 265.00 of the Penal Law. (See People v Foster, 42 AD2d 1046.) Therefore, the charges of possession of a firearm and possession of a defaced firearm are not sustained. The weapon herein falls within the definition of a shotgun as provided in subdivision 12 of section 265.00 of the Penal Law.
Possession of a rifle or shotgun is not a crime under the Penal Law of the State of New York. Possession of such a rifle or shotgun within the City of New York without a" certificate of registration therefor is a misdemeanor under sections 436-6.9 and 436-6.14 of the Administrative Code of the City of New York. The court, on its own motion has considered whether the respondent herein may be found to be a juvenile delinquent by reason of an act in violation of the aforesaid Administrative Code section, even though he was not charged with such a violation in the petition before this court.
Under the aforesaid sections of the Administrative Code and their sequelae, a person under the age of 18 years may legally possess a rifle or shotgun under the supervision of a person who holds a proper certificate. By failure to specifically charge a violation of the New York City Administrative Code, respon *525 dent was not put on notice as to a charge for which a defense might have been prepared, i.e., possession of a rifle or shotgun without proper certification. The elements of the offense as described in the Administrative Code are not the same as those found in section 265.01 of the Penal Law. The possession of a shotgun without a certificate is not "necessarily included” in the crime of possession of a "firearm” as defined in the Penal Law, which were the only acts charged in the instant petition. (CPL 1.20, subd [37]; People v Jackson, 49 AD2d 680, 681.)
The petition is dismissed.