■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COHEN, Appellant.—Judgment of the Supreme Court, New York County, rendered November 7, 1975, convicting defendant after trial, of criminal possession of a weapon in. the third degree and sentencing defendant as a

predicate felon to a term of imprisonment with a minimum of three years and maximum of six years, unanimously reversed, on the law, and a new trial directed. The Trial Justice instructed the jury that under the count of criminal possession of a weapon in the third degree (Penal Law, § 265.02), a person "violates this section of the law by mere possession of a loaded firearm. A person does not have to have any intent to possess the firearm nor does he have to have any knowledge that he is carrying the firearm to violate the statute". To this charge defense counsel excepted. The court refused to charge the jury, as requested by defense counsel, that in order to convict defendant they must find knowing possession. The court charged properly that possession was an element of the crime, and that possession means "to have physical possession or otherwise exercise dominion and control over tangible property" (Penal Law, § 10.00, subd 8). However, as the District Attorney concedes, the court erroneously negated the statutory requirement (Penal Law, § 15.00, subd 2) that awareness of possession was a necessary element for liability under section 265.02 of the Penal Law, when it informed the jury that defendant could be convicted of possession even if he had no knowledge that a gun was in his car and in refusing to charge that in order to convict defendant the jury must find he had knowing possession. We find that the court properly submitted to the jury as a question of fact whether the weapon was a firearm, i.e., whether it was "concealable on the person" (Penal Law, § 265.00, subd 3). We conclude, further, that the prosecutor's summation was within proper bounds. Because we find that the police officers had probable cause to arrest defendant, we order a new trial. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.