OPINION OF THE COURT
Frederic S. Berman, J.
The defendant is charged with the crime of criminal possession of a weapon in the third degree for allegedly possessing a firearm. In a motion to dismiss the indictment, made at the commencement of the trial prior to jury selection, the issue presented is whether or not a sawed-off shotgun, measuring 27 inches overall, can be a "firearm” within the meaning of subdivision 3 of section 265.00 of the Penal Law.
In support of its position, the defendant contends that the sawed-off shotgun involved here, is, as a matter of law, not a "firearm”.
Subdivision 3 of section 265.00 defines "firearm” as a "sawed-off shotgun or other firearm of a size which may be concealed upon the person ” (emphasis supplied).
A research of the law reveals a paucity of appellate authority on this subject.
The Appellate Division, Fourth Department, has, on two occasions in memorandum opinions, held that sawed-off shot *14 guns of the precise length involved here, are, as a matter of law, not concealable, and therefore not firearms. (People v Eldridge, 53 AD2d 1037; People v Palermo, 36 AD2d 565.)
Juxtaposed to the two Fourth Department cases is People v Cohen (57 AD2d 790 [1st Dept]), which holds that the trial court should submit to the jury, as a question of fact, the issue of whether the weapon is a firearm, i.e., concealable upon the person. See, also, People v Roberts (79 Misc 2d 243); People v Caffrey (73 Misc 2d 504); Leon v Kuhlmann (443 F Supp 50) all of which are in accord with the holding in Cohen (supra). *
The instruments proscribed by subdivision 3 of section 265.00 are those which are designed primarily as small weapons, or which have been diverted from their normal use and modified to enable them to be smaller in size and appearance. A sawed-off shotgun serves no lawful purpose; its primary design and purpose is to inflict injury and to render the weapon better able to be concealed than in its original state. Whether a particular weapon, such as a sawed-off shotgun, qualifies as a "firearm” is dependent upon its concealability, not upon whether it was actually concealed.
Can it be said that, as a matter of law, a sawed-off shotgun measuring 27 inches overall could not "be concealed upon the person” of an average sized adult? I think not. It would seem obvious that, under appropriate circumstances, it would be both possible and feasible for an individual to secrete such a weapon under outer garments such as a full length coat or, even, a knee length jacket.
Based upon the specific facts in a case, the issue of whether a sawed-off shotgun measuring 27 inches in length is or is not a "firearm” should be a factual question to be resolved by the jury and not a legal matter to be resolved by the court.
In view of the foregoing, the court declines to adopt the holdings of the Fourth Department as set forth in Eldridge and Palermo (supra), and, instead, would extend the First Department ruling in Cohen (supra) to be applicable here notwithstanding the differences in the sizes of the weapons.
*15 Consequently, the motion to dismiss the indictment is denied.

 It should be noted, however, that the shotguns involved in all those cases were shorter than in the instance case. People v Cohen (supra) — 22% inches (as revealed by the trial minutes; the reported decision does not give the length). People v Roberts (supra) — 23'A inches. People v Caffrey (supra) — 16 inches. Leon v Kuhlmann (supra)— 19'A inches.