OPINION OF THE COURT
William D. Friedmann, J.
The defendant moves following a jury trial, pursuant to CPL 330.30 (subd 1) to set aside his conviction of criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [1]).
The sole issues presented are (1) whether this trial court erred in refusing to instruct the jury that subdivision (1) of section 265.01 of the Penal Law should be construed as defining a crime requiring the element of scienter or mental culpability and (2) whether the concealability of a sawed-off shotgun, measuring some 27Vi inches in length, within the meaning of subdivision 3 of section 265.00 of the Penal Law as constituting a “firearm”, should have been *139 resolved by the court as a matter of law and not given to the jury as a question of fact.
BACKGROUND
Defendant was arrested while lying on a bed. He was apparently asleep and partially clothed. A sawed-off shotgun measuring 271/4 inches in over-all length was found cradled in or through his arms. At the trial, the prosecution contended that the defendant possessed the shotgun before he fell asleep and that it was there at the time of arrest. This was contested in summation by the defendant who urged that the shotgun was somehow “planted” upon the defendant by some unidentified person. The court determined that there was no evidence in the trial record tending to show that the defendant’s possession of the weapon was temporary, innocent, excusable or involuntary.
MENTAL CULPABILITY NOT REQUIRED UNDER SUBDIVISION (1) OF SECTION 265.01 OF THE PENAL LAW
Careful examination of section 265.01 of the Penal Law, and its six subdivisions, reveals a clear legislative intention to impose a standard of strict, or absolute, criminal liability with respect to those items covered therein. Subdivision (1) of section 265.01 of the Penal Law states that:
“A person is guilty of criminal possession of a weapon in the fourth degree when:
“(1) He possesses any firearm, electronic dart gun, gravity knife, switchblade knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub or slungshot; or”. (Emphasis added.)
Subdivisions (2) and (3) of section 265.01 of the Penal Law require culpable mental states, to wit, that defendant possess “with intent to use” (Penal Law, § 265.01, subd [2]) and that defendant “knowingly has in his possession” (Penal Law, § 265.01, subd [3]). However, a mental state of mind is not included with respect to subdivisions (1), (4), (5) and (6) of section 265.01 of the Penal Law.
It would seem reasonable that if the Legislature had intended a culpable mental state or scienter to be a re *140 quired element of subdivision (1) of section 265.01 of the Penal Law it would have specifically included such element as it found necessary to do so with respect to subdivisions (2) and (3) of section 265.01 of the Penal Law (see Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 265.01, p 448).
The Legislature unquestionably has the power, in the protection of the public interest, to dispense with the element of scienter in defining a crime (People ex rel. Darling v Warden of City Prison of City of N. Y., 154 App Div 413; People v Tracey A., 97 Misc 2d 1053; and see Validity and Construction of Gun Control Laws, Ann., 28 ALR3d 845, 872; Criminal Law — Scienter — Intent Not Required for Conviction of Carrying Concealed Deadly Weapon Aboard Aircraft, 44 Fordham L Rev 861).
Scienter, guilty knowledge or intent, is not a necessary element of the crime of possessing a concealed weapon (People v Newton, 72 Misc 2d 646; People v Roberts, 73 Misc 2d 500, app dsmd 79 Misc 2d 243; People v Terwilliger, 172 Misc 70; People v Weisman, 34 Misc 2d 670).
The defense, in making the argument that a standard of strict liability is not applicable with respect to subdivision (1) of section 265.01 of the Penal Law relies upon People v Trisvan (49 AD2d 913 [intoxication as effecting weapon possession]), People v Carlo (46 AD2d 764 [hallucinogenic drug as effecting weapon possession]) and upon People v Valentine (54 AD2d 568 [intoxication as effecting weapon possession]). Examination of these authorities does not persuade this court that a culpable mental state is a necessary element of weapon possession under subdivision (1) of section 265.01 of the Penal Law.
These authorities do appear.to hold that “criminal liability” requires at the very least a “voluntary act” (People v Carlo, supra, citing People v Robinson, 2 Parker Cr Rep 235; and see 22 CJS, Criminal Law, § 69).
Section 15.10 of the Penal Law, in relevant part, states: “The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing.”
*141 The doing of an act such as possessing a weapon may by statute (Penal Law, § 265.01, subd [1]) be made criminal per se without regard to the doer’s intent or knowledge, but nevertheless the act of possessing must not be involuntary as an involuntary action is not criminal. These two concepts are not the same. They are. not mutually exclusive (People v Newton, 72 Misc 2d 646, supra ).
Upon consideration of all the authorities relied upon by the defendant this court finds that they do not support the position that section 265.01 of the Penal Law requires an instruction as to a culpable mental state. Further, in the absence of any evidence of intoxication or other involuntary act in the trial record, there was no necessity of an instruction being given as to an involuntary act, or an innocent act, which would have had an effect on defendant’s possession of a weapon (Penal Law, § 10.00, subd 8).
It should be noted that even when our courts are called upon to construe criminal statutes requiring a standard of strict liability, such as with subdivision (1) of section 265.01 of the Penal Law, that the imposition of harsh and unreasonable consequences can be avoided by discrete judicial action.
When sympathetic or mitigating circumstances are supported by the evidence, spelling out an innocent, temporary, or excusable possession of a proscribed weapon, such possession can, in the interests of justice, be dealt with by motion (CPL 210.40,170.40) or effected through the varied aspects of a Judge’s discretion in sentencing (CPL art 370 et seq.).
SAWED-OFF SHOTGUN — WHEN A FIREARM IS A QUESTION OF LAW OR FACT
In order to determine when a sawed-off shotgun is a firearm for purposes of subdivision 1 of section 265.01 of the Penal Law reference must be made to subdivision 3 of section 265.00 of the Penal Law. Subdivision 3 of section 265.00, in relevant part, defines “ ‘firearm’ ” as a “sawed-off shotgun or other firearm of a size which may be concealed upon the person”.
The gist of the crime of subdivision (1) of section 265.01 of the Penal Law is not concealment but possession of a *142 weapon that may be concealed (People v Raso, 9 Misc 2d 739). However, the limited reported opinions determining when a weapon has the potentiality of concealment, in order for the same to qualify as a “firearm” within the meaning of subdivision 3 of section 265.00 of the Penal Law have resulted in considerable uncertainty.
A review of these limited appellate and trial court decisions leads one to hope for some early clarification by the Court of Appeals or from the Legislature.
Beyond agreement that a sawed-off shotgun serves no lawful or legitimate purpose, there appears to exist considerable conflict and confusion concerning when a sawed-off shotgun qualifies for inclusion under the statutory sanctions of subdivision 3 of section 265.00 of the Penal Law.
Although the reporting courts have specifically found that the legislative intent in respect of subdivision 3 of section 265.00 of the Penal Law was directed to a type of weapon which could be concealed upon the person and not to the particular shotgun involved (People v Palermo, 36 AD2d 565; People v Roberts, supra), these same courts have in actual implementation resorted to a case-by-case or weapon-by-weapon analysis, looking without consistency either to the measurement of the weapon or the measurement of the weapon in relation to the physical characteristics of the alleged possessor or to the nature of the possess- or’s clothing or to his immediate surroundings.
The First Department has taken the position that a trial court should submit to the jury, as a question of fact, the issue of whether a weapon is concealable and therefore a proscribed firearm. (People v Cohen, 57 AD2d 790.) The First Department’s ruling in Cohen (supra), which held that the issue of concealability is a proper jury question, was followed and extended in People v Ahern (104 Misc 2d 13 [27-inch weapon; proper jury question; motion to dismiss indictment denied]) and People v Leon (53 AD2d 809 [19x/2-inch weapon; conviction affirmed; no opinion]).
The following cases have also held that the concealability of a sawed-off shotgun raises a triable issue of fact (People v Roberts, 79 Misc 2d 243, supra [defendant’s home; concealability 23V2 inches; question for Trial Judge, held *143 not concealable]; Leon v Kuhlmann, 443 F Supp 50 [19½ inches, habeas corpus denied]; see, also, the following cases which have held that the particular sawed-off shotguns involved were concealable, People v Davis, 107 Misc 2d 1 [22 inches; defendant’s back pocket covered by outer clothes; proper for Grand Jury action; held concealable]; People v Caffrey, 73 Misc 2d 504 [16 inches on defendant’s lap in taxicab; proper for Grand Jury action, held concealable]).
In seeming conflict, the Fourth Department, on two occasions, has held that sawed-off shotguns of approximately 27 inches in over-all length are not concealable, as a matter of law, and therefore not firearms. (See People v Eldridge, 53 AD2d 1037 [27 inches; held not concealable, indictment dismissed]; People v Palermo, 36 AD 2d 565, supra [27 inches; trunk of car, held not concealable, indictment dismissed].)
In the recent case of People v Cortez (110 Misc 2d 652 [26⅜-inch long weapon found in defendant’s car]), Supreme Court Justice Irving Lang analyzes in a most thorough opinion, the entire subject of sawed-off shotguns, including the murky judicial history of the various attempts to control their use. Justice Lang urges that the Legislature eliminate the ambiguities in subdivision 3 of section 265.00 of the Penal Law clearly and concisely defining what constitutes a prohibited sawed-off shotgun: “there is no reason why our Legislature could not easily solve the problem by adopting the same law that is standard in 27 States and by the National Firearms Act. Those laws simply prohibit the possession of a sawed-off shotgun with a barrel of less than 18 inches or an over-all length of less than 26 inches.” (People v Cortez, supra, at p 663.)
This court has been informed that the New York State Police are presently seeking permission to have legislation introduced which would impose “a ruler approach” to sawed-off shotguns, proscribing a per se criminal maximum length of 26 inches. This court urges as an alternative legislative approach, a simple straightforward prohibition of the possession of any shotgun or rifle which has been altered from its original design or manufacture, regardless of its size or aspect of concealability. Such pro *144 scription is justified as a sawed-off shotgun serves no lawful purpose. Its users have no legitimate lobby. Its sole purpose and altered state maximizes its ability to inflict injury, and foster illicit concealment. Therefore, its possession should be deemed per se criminal by statute directly, or by reference to possession as presumptive evidence of unlawful intent.
This was formally set out with respect to weapons possession by express provisions of section 1898 of the former Penal Law (cf. People v Davis, 15 Misc 2d 994).
In the absence of clarification from the Court of Appeals or action by Legislature, I believe that the First Department’s holding in Cohen (57 AD2d 790, supra) must be followed by this court.
Based upon the specific facts in the trial record, this court again finds, as during trial, that it was proper for the jury to determine, whether a sawed-off shotgun measuring 2 7 Vi inches in length, could have been concealed by this defendant, who was carefully viewed by the jury during the trial, and was according to the testimony of the arresting officer about 5 feet 10 inches in height.
Further, from defendant’s position, lying on the bed, it was quite possible for the defendant to have concealed the 27Vi-inch weapon, under or about parts of his person, or secreted the weapon in or about the components of the bed then occupied by him.
In rendering their verdict, the jury must have made this factual determination of concealability, beyond a reasonable doubt, as such a precise instruction with respect to this issue of concealability, was charged by the court.
In view of the foregoing, and upon reconsideration of the same questions raised by motion and denied during trial, this court does not believe it erred when it refused to charge the jury that a culpable mental state was a necessary element of the crime charged, or that upon the record, it was error to submit to the jury, as a question of fact, whether the weapon was a “firearm”, i.e., a concealable weapon.
The motion pursuant to CPL 330.30 (subd 1) to set aside the verdict of guilty is therefore denied in all respects.