OPINION OF THE COURT
Efrain Alvarado, J.
Jamel Simon is charged in a one-count information with criminal possession of a weapon in the fourth degree, a violation of section 265.01 of the Penal Law. This crime is classified as a class A misdemeanor. Defendant now moves pursuant to CPL 170.30 to dismiss this charge for facial insufficiency, and moves also for other forms of relief as part of the remainder of the omnibus motion.
Defendant’s claim on the facial sufficiency issue is that the accusatory instrument filed in this case fails to allege that the *846 defendant "knowingly and unlawfully” possessed the gun in question, or in other words, that the People failed to allege a necessary element, i.e., a culpable mental state. The defense further argues that gun possession is not a "per se” crime, and thus, without the inclusion of a culpable mental state, no crime is properly alleged.
This court disagrees with such an analysis. The accusatory instrument relating to this case states that at a particular date, time and street location in Bronx County, the defendant "had a handgun on his person.” Though the statement alleging possession is admittedly sparse, it does not fail to comply with CPL 100.40 and 100.15 for lack of a culpable mental state.
As pointed out by the prosecution in its reply papers, a person would be guilty of the crime of criminal possession of a weapon in the fourth degree under Penal Law § 265.01 (1) when "[h]e possesses any firearm”. The statutory language itself fails to allege a requirement of a culpable mental state. This omission is not a legislative error, but rather reflects the clear intent of the statutory scheme.
The drafters of the Penal Law in considering culpable mental states, established a scheme of varying levels of culpability. These mental states, defined in more detail at Penal Law § 15.05 are: intentionally, knowingly, recklessly and criminally negligent. The defense’s argument is that Penal Law § 265.01 (1) implicitly includes a scienter requirement as described at Penal Law § 15.05 (2), i.e., knowingly.
Detracting from this argument is the clear statement of the Penal Law at section 15.10: "The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If such conduct is all that is required for commission of a particular offense, or if an offense or some material element thereof does not require a culpable mental state on the part of the actor, such offense is one of 'strict liability.’ ”
It is thus well established that the State Legislature can classify categories of laws as strict liability offenses (see, People v Davis, 112 Misc 2d 138 [1981]). These laws proscribe behavior which affect public safety, health, morals or social welfare, and which require a keen degree of diligence and care by the subjects of these " 'police regulations’ ” (see, People v Miller, 138 Misc 2d 639, 651 [1988]). Public welfare offenses *847 construed with strict liability have included the sale of liquor to habitual drunks, the sale of adulterated milk and violations of obligations of landlords in regard to tenement houses (see, Morissette v United States, 342 US 246 [1952]).
Further examples of strict liability statutes are Administrative Code of the City of New York § 17-123, New York City Health Code § 131.15 and section 558 (e) of the New York City Charter, the window-guard rules, passed to protect the lives of young children from accidental death and injury resulting from window falls. These statutes were upheld as strict liability statutes, because each had no mens rea requirement indicated, and the language used in the statutes was that of absolute command (see, People v Nemadi [Ben], 140 Misc 2d 712, 717 [1988]).
It is thus clear to this court that the Legislature intended to maké Penal Law § 265.01 (1) one of strict liability. This intent is highlighted not only by the language of the subdivision which excludes a scienter requirement, but also by the clear inclusion of culpable mental states in subdivisions (2) and (3) of the same statute.
This court therefore finds that Penal Law § 265.01 (1) is a statute of strict liability for which no scienter need be alleged and thus denies dismissal on that ground. (People v Davis, 112 Misc 2d 138, supra.)
The remainder of the defendant’s motion is decided as follows: Dunaway, Mapp and Sandoval hearings are hereby granted and ordered held prior to trial. The People are directed to provide any items of discovery which the defense has requested and is entitled to under the law.