■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUL RODRIGUEZ, Also Known as JOSE RIVERA, Appellant.— Judgment of the Supreme Court, Bronx County (Frank Diaz, Jr., J.), rendered on February 20, 1990, convicting defendant of attempted murder in the second degree and imposing a sentence of six to eighteen years, unanimously reversed, on the law, and the matter is remanded for a new trial.

Defendant was convicted, after a jury trial, of attempted murder in the second degree as a result of an armed confrontation in his apartment with the victim. The trial testimony revealed that defendant and the victim had been ingesting crack cocaine over an extended period of nearly twenty-four hours when the shooting occurred. The victim had known the defendant for approximately two years and regularly went to his apartment on weekends. On the night of the shooting, the defendant repeatedly accused the victim of stealing drugs from him. As the argument intensified and defendant continued to ingest cocaine, the victim picked up a kitchen knife which the defendant ordered her to drop. During the ensuing struggle, the defendant, who had produced a gun, shot the victim twice causing permanent injury.

The Court refused defense counsel's request for an intoxication charge, which would have instructed the jury that if they found the defendant's actions so influenced by the ingestion of cocaine as to obliterate his capacity to form an intent, they could not convict him of the intentional commission of a crime.

We hold that the Court erred in denying the requested intoxication charge. The trial record contains undisputed evidence of ingestion by the defendant of a substantial amount of cocaine over a period of nearly twenty-four hours before the shooting. Under these circumstances, the degree of intoxication could well have been sufficient to negate the element of intent (Penal Law § 15.25), and, therefore, the jury should have been instructed to consider defendant's intoxication when they decided whether defendant acted with specific intent to cause the death of the victim (see, People v Westergard, 69 NY2d 642, 644; People v Carlo, 46 AD2d 764). Concur —Murphy, P. J., Milonas, Ross and Rubin, JJ.