■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BLAIR, Appellant. [662 NYS2d 649] —Order unanimously reversed on the law, motion granted and judgment vacated. Memorandum: Defendant was charged in a superior court information with one count of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (3), which requires proof that defendant possessed "a machine-gun, firearm, rifle or shotgun which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun, firearm, rifle or shotgun". " 'Deface' means to remove, deface, cover, alter or destroy the manufacturer's serial number or any other distinguishing number or identification mark" (Penal Law § 265.00 [7]). Proof that the weapon was sawed off, without more, does not fall within the definition of deface and is insufficient to support a conviction under Penal Law § 265.02 (3) (*see, People v Foster,* 42 AD2d 1046; *Matter of Peabody,* 86 Misc 2d 520, 524).

During the plea colloquy, defendant admitted that the weapon was sawed off and that it was operable but did not admit that it was defaced. Because defendant's colloquy was factually insufficient, County Court should have granted the motion to vacate the judgment pursuant to CPL 440.10 (*see, People v Lopez,* 71 NY2d 662, 665). In light of our conclusion, we do not reach defendant's alternative arguments. (Appeal from Order of Monroe County Court, Marks, J.—CPL art 440.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.