Police Benevolent Assn. of the City of N.Y., Inc. v City of New York (2022 NY Slip Op 03329)





Police Benevolent Assn. of the City of N.Y., Inc. v City of New York


2022 NY Slip Op 03329


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Index No. 653624/20 Appeal No. 15982 Case No. 2021-03041 

[*1]Police Benevolent Association of the City of New York, Inc., et al., Plaintiffs-Respondents,
v
City of New York, Defendant-Appellant.


Georgia M. Pestana, Corporation Counsel, New York (Claude S. Platton of counsel), for appellant.
Dechert LLP, New York (Steven A. Engel of counsel), for Police Benevolent Association of the City of New York, Inc., respondent.
DLA Piper LLP (US), New York (Anthony P. Coles of counsel), for Sergeants Benevolent Association of the City of New York, Lieutenants Benevolent Association of the City of New York, Captains Endowment Association of the City of New York, Detectives' Endowment Association of the City of New York, Port Authority Police Benevolent Association, Inc., Port Authority Detectives' Endowment Association, Port Authority Lieutenants Benevolent Association, Port Authority Sergeants Benevolent Association, Supreme Court Officers Association, New York State Court Officers Association, New York State Police Investigators Association, Local No. 4 of the International Union of Police Associations, AFL-CIO, Bridge and Tunnel Officers Benevolent Association, Triborough Bridge and Tunnel Authority Superior Officers Benevolent Association, Metropolitan Transportation Authority Policy Benevolent Association, Police Benevolent Association of New York State, and New York City Detective Investigators Association District Attorneys' Office, respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered June 22, 2021, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for summary judgment to the extent of declaring the Administrative Code of the City of New York § 10-181 void as unconstitutionally vague and permanently enjoining its enforcement, unanimously reversed, on the law, without costs, defendant's motion granted, plaintiffs' cross motion denied, the complaint dismissed, and it is declared that the provision as challenged is constitutional. The Clerk is directed to enter judgment accordingly.
Plaintiffs challenge Administrative Code § 10-181 as unconstitutionally vague and preempted by New York State law. This provision, which became effective July 15, 2020, makes it a criminal misdemeanor to use certain methods of restraint "in the course of effecting or attempting to effect an arrest" (Administrative Code § 10-181[a]). Specifically, the statute prohibits "restrain[ing] an individual in a manner that restricts the flow of air or blood by compressing the windpipe or the carotid arteries on each side of the neck [the chokehold ban], or sitting, kneeling, or standing on the chest or back in a manner that compresses the diaphragm [the diaphragm compression ban]" (id.).
Supreme Court correctly concluded that Administrative Code § 10-181 is not preempted by state law, under either the doctrines of field or conflict preemption. The cited state laws, which delineate the circumstances in which a police officer may arrest someone or use physical force and create criminal liability for aggravated strangulation, do not clearly evince a desire to preempt the field (see CPL 140.10, 140.15; Penal Law §§ 35.05, 35.30, 121.13-a; Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v City of New York, 142 AD3d 53, 58-61 [1st Dept 2016], lv dismissed 28 NY3d 978 [2016]). That Administrative Code § 10-181 is broader in scope than the state aggravated strangulation law (Penal Law § 121.13-a) is not sufficient to create a conflict (see Patrolmen's Benevolent Assn., 142 AD3d at 62-68; McDonald v New York City Campaign Fin. Bd., 117 AD3d 540, 541 [1st Dept 2014]).
However, Supreme Court should not have found the diaphragm compression ban to be unconstitutionally vague. The diaphragm compression ban is sufficiently definite to give notice of the prohibited conduct and does not lack objective standards or create the potential for arbitrary or discriminatory enforcement (see People v Bright, 71 NY2d 376, 382-383 [1988]).
The only language plaintiffs take issue with is "in a manner that compresses the diaphragm." But the meaning of this language, even if "imprecise" or "open-ended," is sufficiently definite "when measured by common understanding and practices" (see People v Kozlow, 8 NY3d 554, 561 [2007]). Police officers — the targets of the law — can be (and are) trained on [*2]the location and function of the diaphragm. And even plaintiffs have no difficulty understanding the meaning of the word "compress[]" when used in the context of the accompanying chokehold ban, which they do not challenge. That it may not be the most accurate word, from a medical standpoint, to describe what happens to the diaphragm when someone sits, kneels, or stands on it does not mean that it is incapable of being understood.
The absence of an intent requirement is not dispositive (see Penal Law § 15.10). Purely accidental conduct (such as falling on top of someone) would never result in conviction since criminal liability always requires a "voluntary act" (Penal Law § 15.10; see People v Carlo, 46 AD2d 764, 764 [1st Dept 1974]). A justification defense would also be available (see Penal Law §§ 10.00[1], 35.00, 35.30). Moreover, plaintiffs' contentions about the absence of an injury or other objective threshold requirement are unfounded and give scant attention to the other statutory conditions for liability. In addition to compression of the diaphragm, the prosecution must prove beyond a reasonable doubt that the police officer sat, kneeled, or stood on a person's chest or back and thereby restricted the flow of air or blood (see Administrative Code § 10-181[a]).
The existence of other possible reasons for a victim's shortness of breath does not render the statute vague, but merely presents a question of fact that must be proven beyond a reasonable doubt in each individual case. That the impact on the diaphragm may be impossible to assess precisely without specialized tools or equipment does not render the effects of the officer's conduct unknowable or incapable of reasonable estimation. A trained police officer will be able to tell when the pressure he is exerting on a person's chest or back, in the vicinity of the diaphragm, is making it hard for the person to breathe, just as a driver should be able to tell when the amount of alcohol he consumed is making it unsafe for him or her to drive (a proxy for high blood alcohol content) and a layperson should be able to tell when he or she is being too loud (a proxy for ability to hear the noise from a specified distance) (see People v Stephens, 28 NY3d 307, 314-315 [2016] [noise]; People v Cruz, 48 NY2d 419, 427-428 [1979], cert denied 446 US 901 [1980] [intoxication/blood alcohol content]; see also United States v Powell, 423 US 87, 93 [1975]).
Moreover, "[w]hat renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved" — an issue that is addressed "not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt" — "but rather the indeterminacy of precisely what that fact is" (United States v Williams, 553 US 285, 305-306 [2008]). There is no such indeterminacy here, as the prohibited effects are not defined subjectively (compare People v Golb, 23 NY3d 455, 466-467 [*3][2014], cert denied 574 US 1079 [2015][statute stricken where it prohibited communication "likely to cause annoyance or alarm"]; People v New York Trap Rock Corp., 57 NY2d 371, 375, 380-381 [1982] [statute prohibiting noise that "annoys"]). To the extent plaintiffs' experts opine on the ultimate legal issue, they are not properly considered (see Singh v Kolcaj Realty Corp., 283 AD2d 350, 351 [1st Dept 2001]).
New York City Police Department internal policies and trainings also undermine plaintiffs' claims that Administrative Code § 10-181 is unworkable in practice. That they are stricter than the statute itself — prohibiting any sitting, kneeling, or standing on an individual's torso regardless of the effect — is not proof that the diaphragm compression language is incapable of being understood. The police may simply be seeking to hold themselves to a higher standard or to err on the side of caution, as they did even before enactment of this law.
In light of our disposition, we need not reach the parties' arguments with respect to severability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022