(79 Misc. Rep. 241.)

## SANDERS v. SCHULTHEIS.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

BROKERS (§ 8*)—EMPLOYMENT—EVIDENCE.

Evidence in an action for a broker's commission on a sale of real estate *held* insufficient to authorize a finding of employment of plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 9; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Louis Sanders against Christian H. Schultheis. From a judgment for plaintiff, entered after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Charles C. Suffren, of Brooklyn, for appellant.
Samuel Greenbaum, of New York City, for respondent.

PAGE, J. This is an action for broker's commission upon the sale of real estate. The plaintiff is an attorney, with offices in Manhattan borough. On Decoration Day, 1912, he went to Brooklyn with a friend and client named Kahn to assist him in purchasing property. They noticed a "For Sale" sign on some houses which attracted their attention, and pursuant to the directions on the sign applied to one Hyman, in the neighborhood, for particulars. They were shown the property by Hyman, liked it, and Kahn placed a deposit of $10 with Hyman. Hyman told them the name and address of the owner.

Some days later the defendant and plaintiff met by appointment at the plaintiff's office and arranged the terms of sale. The plaintiff states that at this meeting he first asked the defendant for a commission, and the defendant replied that it would be all right, but also said he would have to pay something to Hyman. The plaintiff then testified that at the next meeting, when the contract was signed, he asked the defendant for $100 commission, and was told that it would be all right, but he would have to fix it up with Hyman. A contract of sale was prepared by the plaintiff containing a provision for $100 commission. This provision was objected to by the defendant and was stricken out. The defendant in his testimony denies that he ever promised a commission to the plaintiff, and says that he told him to make his arrangements with Mr. Hyman; that Mr. Hyman had charge of the property, and whatever brokerage the plaintiff received must come from Mr. Hyman, who was the broker in the transaction.

The evidence is clearly insufficient to support a recovery upon the theory of an express agreement by the defendant to pay the commis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sion. There is nothing to substantiate it but the testimony of the plaintiff himself, which is extremely vague on this point, being mainly to the effect that the defendant "would make it all right." The surrounding circumstances make it extremely improbable that any promise was intended, especially the fact that the defendant strenuously opposed a provision for commission in the contract of sale and insisted upon its being stricken out. It is not claimed that the plaintiff was engaged to sell the property; on the other hand, it appears that Hyman was the defendant's agent and broker for that purpose. Neither do the attending circumstances disclose any facts from which an employment of the plaintiff as broker could be implied. In the entire transaction he was acting for the purchaser as his attorney and agent in procuring the property, and the mere fact that he was so acting did not impose a duty upon the defendant to either repudiate the transaction or pay him a commission. Southack v. Ireland, 109 App. Div. 45, 95 N. Y. Supp. 621; Brady v. American Machine & Foundry Co., 86 App. Div. 267, 83 N. Y. Supp. 663; Miller v. Waclark Realty Co., 139 App. Div. 47, 123 N. Y. Supp. 837.

The judgment appealed from is clearly against the weight of evidence, and should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

