Lawrence Newmark, J.
Defendant was charged with possession of weapons and dangerous instruments and appliances, in violation of subdivision 3 of section 265.05 of the Penal Law. The defendant waived a trial by jury and by stipulation the previously ordered hearing relative to the due execution of the search warrant was conducted as part of the trial.
To first dispose of the hearing, the court finds that although the defense raised questions regarding the due execution of the warrant, the defendant failed to prove by a preponderance of the credible evidence that the warrant was not properly executed. The testimony of the arresting officer was not impeached and in view of the reliance upon the testimony of the defendant and his mother by the defense, the court is constrained to find that entry was obtained by knocking on the door, being admitted by the defendant’s mother who identified herself as the owner of the premises., that the warrant was presented to her and she appeared to read it after presentation. Hence, the motion to controvert the search warrant is denied.
The question of the defendant’s guilt or innocence is not so easily disposed of. Although the defense attempted to raise • the question of operability of the weapon, a sawed-off shotgun, the police firearms expert clearly overcame any such attempt and the weapon and the report of the test of the weapon are both received in evidence for purposes of the trial as well as the hearing.
■ The defendant’s contention that he believed the weapon to be inoperable and the fact that there was no ammunition found for it, is not an issue in this action, since intent is not required for a violation of the statute.
The only remaining issue, to which neither the prosecution nor the defense addressed themselves, is whether or not the weapon was a firearm as defined by subdivision 3 of section 265.00 of the Penal Law. At first examination, the statute which reads ‘ ‘ 1 Firearm ’ means any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person ”, might be construed to absolutely prohibit any shotgun which has been shortened in length. However, the Appellate Division, Fourth Department, has clearly held otherwise in People v. Palermo (36 A D 2d 565). In that case the issue was restricted to the question of whether the weapon was “ 1 of a size which may be concealed upon the person.’ ” The *502 court specifically found “ the legislative intent in respect'of subdivision 3 of section 265.00 was directed to a ty£>e of weapon which could be concealed upon tW person and not to the particular shot-gun in this case.”
In the Palermo case (supra), the court described the weapon as follows: “The barrel of the shotgun, excluding the stock, measured a little over 18 inches and the end of the .gun had been altered.” This description is somewhat wanting in detail in order to compare it with the weapon before the court in this case. Here, the barrel is 13% inches. However, you could not describe the barrel length as being exclusive of the stock, since the stock does not commence until some 3 inches past the end of the barrel, and in fact* a measurement from the muzzle to the end of the tang on the stock is approximately 18 inches. The over-all length is 23% inches.
In view of the limited description of the weapon in the case of People v. Palermo (36 A D 2d. 565, supra), this court, in deciding the question of concealment, must go further. Fortunately, the court in the Palermo case, readily directs this court to People v. Raso (9 Misc 2d 739), which in turn quotes People ex rel. Darling v. Warden of City Prison (154 App. Div. 413, 426), as follows: “it would be perfectly legal to keep at one’s bedside or in a cabinet a blunderbuss or a horse pistol, or whatever modern weapons correspond in size to those ancient arms, but unlawful to so keep their smaller relative of a size that may be concealed upon the person.”
Examination of the weapon before the court as People’s Exhibit No. 1 reveals no resemblance to a pistol or revolver and hardly appears to the court to be readily concealable upon the person. In comparing the weapon in issue with the description in People ex rel. Darling v. Warden of City Prison (supra), the court finds that this weapon far more nearly approximates the ancient blunderbuss or horse pistol than the modern revolver or pistol. The sawed-off shotgun before the court is not any more readily concealable upon the person than is a rifle, carbine or unaltered shotgun. However, a different result might have been reached if the bulky stock were removed beyond the pistol grip portion thereof.
Based upon the foregoing, this court must, of necessity, find that the People have failed to prove their case beyond a reasonable doubt and that the defendant is not guilty after trial.