■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGNACIO AYALA DIAZ, Appellant.—Judgment rendered October 17, 1974, in the Supreme Court, New York County, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and the lesser included offense of criminal possession of a controlled substance in the seventh degree unanimously reversed, on the law, and a new trial directed. Isabello Rios, referred to as "Chewy", and defendant, were jointly indicted and tried for selling 10 tinfoil packets of heroin to an undercover police officer. The sale, made on November 21, 1973, took place in an apartment on Mauger Street in Brooklyn. At the time, the officer testified that Chewy and a younger man called "Poncho" had sold her the heroin. Her identification of appellant as being Poncho was based upon her observation of Poncho at the time of the sale. Hers was the sole testimony linking appellant to the crime. During the 15 minutes the officer was in the apartment Poncho was naked from the waist up. Her description of Poncho, recorded on her "buy sheet" a few minutes after the sale, as well as on her "buy report" made the following morning, was that of a "male, Hispanic, 26 years of age, 5'6" tall, 160 pounds, black curly hair, brown pants, tatoos on right arm." Although she attempted to record everything she observed about Poncho's appearance, no mention was made of any tattoos on his chest, left arm, shoulder or back nor was reference made to any prominent chest scars. During the trial appellant, whose defense was mistaken identity, removed his shirt displaying an upper body virtually covered with tattoos. Among them were: a bird with a heart on each side of the appellant's chest over the pectoral muscle; a hand holding a dagger, a skull and cross-bones and a cross with vines and flowers wrapped around it, on his left arm; a woman's picture on one shoulder; DELILAH tattooed across his left upper back and MOTHER, misspelled, across his stomach. In addition appellant had several prominent scars on his chest one of which was five inches long and a half-inch wide. Seven months elapsed between the time of the sale and the officer's corporeal identification of appellant, at the trial, as Poncho. In the interim she had selected appellant's photograph from an assortment which the *Wade* hearing court found to be unduly suggestive. As appellant urges, it is quite plausible that because of the officer's selection of that photograph on which, as distinguished from the others, it was noted appellant had been arrested by Federal narcotics agents, and which photograph she viewed again before the Grand Jury, she unintentionally substituted some of appellant's features for those of Poncho and misidentified appellant. Under the circumstances presented the court's general instruction regarding the method of evaluating the witnesses' testimony and the prosecution's burden of proving guilt was insufficient. Since appellant's identification was the vital issue and a substantial case for misidentification had been made, it was error to deny appellant's request that the jury be specifically charged on the identification issue, its importance in the case and that the prosecution had the burden of proving identity beyond a reasonable doubt. (Cf. *People v Diaz,* 8 AD2d 732; *People v Martinez,* 28 AD2d 913.) Concur—Markewich, J. P., Lupiano, Birns, Nunez and Yesawich, JJ.