THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD NEWTON, Also Known as RONALD JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 9, 1975 (the date on the clerk's extract is July 1, 1975), convicting him of robbery in the first degree (two counts), assault in the first degree (two counts), burglary in the first degree (two counts) and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of assault in the first degree under the sixth count of the indictment and grand larceny in the third degree under the seventh count of the indictment, and the

sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The People concede that both assault convictions should be reversed as lesser included offenses. However, the assault conviction under the fifth count of the indictment was returned pursuant to subdivision 1 of section 120.10 of the Penal Law, which has as an element an intent to cause serious physical injury. Proof of that element was not necessary with respect to the robbery counts, which were returned pursuant to subdivisions 1 and 3 of section 160.15 of the Penal Law. Therefore, the conviction of assault under the fifth count of the indictment must stand (see *People v Chapman,* 60 AD2d 584). The remaining points submitted by defendant have been considered and found to lack merit. Rabin, Shapiro and Margett, JJ., concur; Hopkins, J. P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: The complainant's identification of the defendant as the miscreant was crucial to the conviction, since no other identification evidence was adduced. The complainant, as it turned out, had given varying versions of the incident. Hence, the defendant's request for a charge that the identification of the defendant must be proved beyond a reasonable doubt should not have been denied by Criminal Term. The general instruction concerning the requirement that the charges against the defendant must be established beyond a reasonable doubt under these circumstances did not suffice (see *People v Martinez,* 28 AD2d 913; *People v Diaz,* 53 AD2d 587). In addition, the defendant's motion to bar cross-examination as to his prior convictions in my view should have been granted (see *People v Sandoval,* 34 NY2d 371). The defendant had been convicted twice before—for possession of a firearm in 1972, and for statutory rape in 1965. The weapons conviction "had little, if any, logical bearing on defendant's credibility" (see *People v Caviness,* 38 NY2d 227, 233). The second conviction was remote in time, and did not necessarily involve an act of impulsive violence (cf. *People v Sandoval,* 34 NY2d 371, 376–377, *supra).* The prosecution argued, however, that the defendant had pleaded guilty to the lesser plea in the face of an initial charge of forcible rape. That conviction in any event, was so remote in time, and so prejudicial in its effect, that the prosecution should not have been permitted to use it on cross-examination. For these reasons, I vote to reverse the judgment and for a new trial.