OPINION OF THE COURT
John J. Walsh, J.
The defendant is a 16-year-old female who has been indicted for an alleged burglary on September 8, 1978. The indictment *1054 contains five counts, the first of which charges the crime of burglary in the first degree "armed with * * * a deadly weapon”. (Penal Law, § 140.30, subd 1.) This constitutes a class B violent felony, mandating a State prison sentence (Penal Law, § 70.02, eff Sept. 1, 1978). The other counts charge burglary second degree, grand larceny third degree, possession of a loaded firearm, and petit larceny. The defendant seeks to have the court examine the Grand Jury minutes and dismiss the first count.
The defendant contends that the transcript of the testimony and evidence before the Grand Jury will disclose that the weapon with which it is alleged she armed herself was not a "deadly” weapon within the meaning of subdivision 12 of section 10.00 of the Penal Law. The defendant further argues that such testimony will not establish that the defendant knew that the weapon was loaded and was capable of being fired at the time it was stolen. (Penal Law, § 15.05, subd 2; § 15.15, subd 1.)
Section 496 of the-Penal Code (L 1881, ch 676) defined the crime of burglary as follows:
"A person, who, with intent to commit some crime therein, breaks and enters, in the night time, the dwelling house of another, in which there is at the time a human being,
"1. Being armed with a dangerous weapon; or
"2. Arming himself therein with such a weapon”.
This definition of burglary in the first degree was taken over as section 402 of the Penal Law (L 1909, ch 88) and remained unchanged until the Penal Law was revised in 1967. In People v Roden (21 NY2d 810) the Court of Appeals held that an unloaded firearm could be a "dangerous weapon” in the case of a robbery.
In revising the crime of burglary in the first degree (Penal Law, § 140.30) the Legislature made significant changes.
"A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling at night with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
"1. Is armed with explosives or a deadly weapon; or * * *
"3. Uses or threatens the immediate use of a dangerous instrument; or
*1055 "4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm”.
Since there was no person present in this case when the firearm was stolen, the sole question involved is whether the same was a "deadly weapon.”
Subdivision 12 of section 10.00 of the Penal Law defines a "deadly weapon” as "any loaded weapon from which a shot, readily capable of producing death or other serious physicial injury, may be discharged, or a switchblade knife, gravity knife, dagger, billy, blackjack, or metal knuckles.” (Emphasis supplied.)
The questions raised on this motion are: (1) When does a person "arm” himself with a deadly weapon? (2) Was the weapon stolen here a "deadly” weapon? (3) Does the prosecution have the burden of proving that a defendant has knowledge that the weapon is loaded and thus deadly in character?
An examination of the Grand Jury testimony discloses that the gun was never recovered and that the evidence consisted of a written statement made by the defendant to the law enforcement official investigating the burglary. Assuming the voluntary nature of the statement, it indicates that the alleged burglary was committed in company with a juvenile "D” and that, "We were in the bedroom looking through the bedroom and D _opened up a brief case or suitcase and she found a black triangular- case and she opened it up and found that there was a gun wrapped up in this case. There was bullets in this case also. So D _closed the case up and I found a paper bag and we put the black case carrying the gun and bullets inside the paper bag.” The defendant then stated that the bag with the case containing the weapon was taken to an apartment where a person named Randy took the weapon.
A person "arms” himself when he is furnished or equipped with weapons of offense or defense. The word "armed” applies to any situation where a gun or deadly weapon is within the immediate control of a person and is available for his use.
California has a statute defining burglary in the first degree in terms similar to our statute and several cases have determined when a person "arms” himself. A burglar who steals an unloaded revolver as part of his loot does not "arm himself with a deadly weapon.” (People v Ford, 60 Cal 2d 772, cert den *1056 377 US 940; People v Black, 73 Cal App 13, 29; People v Harris, 266 Cal App 2d 426.)
However, where a burglar takes a revolver in a house broken into and loads it with bullets also found there, this is equivalent to "arming himself’ within the meaning of section 460 of the California Penal Code. (People v Tittle, 258 Cal App 2d 518.)
Being "armed” with a deadly weapon is an element of a crime which can rarely be established by the prosecution unless it is fired or immediately recovered. (People v Archie, 85 Misc 243, 249.)
Here, the evidence before the Grand Jury was insufficient to justify a finding that the firearm was "loaded” as required by the definition of a deadly weapon. The additional affidavit of the owner was inadmissible as evidence since it did not conform to the requirements of CPL 190.30 (subd 3).
Where the prosecution is unable to establish that a weapon was loaded at the time of the crime, a court is authorized to reduce a burglary first degree count to that of burglary in the second degree. (People v Wilcox, 54 AD2d 801; People v Ford, 60 Cal 2d 772, 792, supra.)
Since there is a separate burglary second degree count in the indictment, the motion to dismiss count one is granted.
The defendant also contends that the evidence must establish and the prosecution has the burden of proving that a defendant had knowledge at the time of the possession of the weapon that it was loaded and was capable of being discharged. While not necessary to resolve this issue on this motion, it is a matter concerning which there is a scarcity of decisions and on which both the prosecution and defendant desire the court’s opinion in view of several other pending cases.
The defense argues that section 15.15 of the Penal Law provides: (1) That a statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. (2) That in the case of a crime of mental culpability, any intent or knowledge is presumed to apply to every element of the offense unless an intent to limit its application clearly appears.
Intent is a purpose or objective fixed in the mind. Knowledge is the perception of the mind as to facts. Intent and *1057 knowledge constitute the mens rea (evil intent or guilty mind) of a crime while the physical act or conduct constitutes the actus reus (act of the person). It is fundamental that the State has the power to dispense with the element of scienter in defining a crime, if it is necessary to do so in the public interest.
"Where the offenses prohibited and made punishable are capable of inflicting widespread injury, and where the requirement of proof of the offender’s guilty knowledge and wrongful intent would render enforcement of the prohibition difficult if not impossible (i.e., in effect tend to nullify the statute), the legislative intent to dispense with mens rea as an element of the offense has justifiable basis.” (United States v Greenbaum, 138 F2d 437, 438, knowledge that eggs delivered were rotten.)
"Whether knowledge of the facts is a necessary element of a statutory offense is a matter of construction to be determined by considering the subject matter of the statute, its language, the evil sought to be eradicated, its manifest purpose and design, and the consequences of the several constructions to which the statute may be susceptible.” (People v Daniels 118 Cal App 2d 340, 343.)
In the Daniels case, the California statute made it a crime to sell, possess or knowingly transport a machine gun. The defendant claimed he did not know anything about guns. The court held that it was clearly not the intention of the Legislature that knowledge of the fact that the weapon was a machine gun should be an essential element of the offense of possession.
In this State, neither intent nor guilty knowledge are elements of the crime of possessing, without a license, a loaded firearm. (People v Newton, 72 Misc 2d 646, 647.) No different rule should be applied where the possession of a loaded firearm merely raises the degree of the crime or mandates increased punishment. A loaded firearm is capable of inflicting widespread injury and furnishes a justifiable basis for legislative action.