■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN STRAWDER, Appellant. — Judgment, Supreme Court, Bronx County, rendered January 4, 1979, convicting defendant, after a jury trial, of second degree assault (Penal Law, § 120.05, subd 1) and sentencing him to five years' probation as a youthful offender, unanimously reversed, on the law, and the indictment dismissed. Defendant and a codefendant were indicted and charged with the crimes of attempted robbery in the first degree (Penal Law, § 160.15, subd 1) and assault in the first degree (Penal Law, § 120.10, subd 4). On the trial the complainant, Mrs. Berrocal, testified that a man approached her from behind and grabbed her pocketbook, that she pulled her pocketbook to her chest and struggled with the man, and that during the struggle the defendant punched her in the face. The crimes charged in the indictment were premised upon the theory that Mrs. Berrocal suffered serious physical injuries during the attempted robbery (Penal Law, § 160.15, subd 1; § 120.10, subd 4). The prosecutor requested the trial court to charge assault in the second degree as a lesser included offense. The defendant opposed on the ground that the court did not give him timely notice of its decision to charge the lesser included offense and that no reasonable view of the evidence supported this submission. The trial court charged assault in the second degree under subdivision 1 of section 120.05 of the Penal Law

which provides: "A person is guilty of assault in the second degree when: 1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person". The People, with commendable candor, concede that the conviction must be reversed and the indictment must be dismissed because there is a jurisdictional bar to the submission of the assault count under that section of the Penal Law which requires intent, since no form of intentional assault was charged in the indictment. The trial court charged and submitted as a lesser included offense assault in the second degree, which the court charged required proof of "intent to cause serious physical injury to another person". This is an element not required to establish the greater offense of robbery in the first degree (Penal Law, § 160.15, subd 1). It is not necessary to prove "intent to cause serious physical injury" in order to prove the injury element of robbery in the first degree which requires only that the People establish that defendant caused a nonparticipant in the crime to suffer "serious physical injury." (Penal Law, § 160.15, subd 1; *People v Newton*, 61 AD2d 1051, 1052, affd 46 NY2d 877.) An "intent to cause serious physical injury" is not an element of any count in the indictment. Hence it could not be an element of a lesser included offense of any charge in the indictment. The court could have charged assault in the second degree alleging physical injury in the course of a felony (Penal Law, § 120.05, subd 6), as a lesser included offense of robbery in the first degree (Penal Law, § 160.15, subd 1), instead of the intent felony *(People v Newton, supra)*. There was a jurisdictional bar to submitting the intent felony. Moreover, there was no reasonable view of the evidence under which the intent assault could be charged (CPL 300.50). Complainant's testimony was that the assault took place in an attempt to rob her. There was no evidence and no basis in the evidence on which the jury could have found that the only intention of the defendant was to assault the victim and not to rob her. Since the sole count in the indictment of which the defendant was convicted was assault in the second degree, improperly submitted, the indictment must be dismissed, there being no properly indicted counts on which to retry defendant. Concur — Kupferman, J. P., Fein, Sandler Sullivan and Bloom, JJ.