THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNAM ANSARE, Appellant.

Fourth Department, November 4, 1983

### APPEARANCES OF COUNSEL

*Edward J. Nowak, Public Defender* (*Peter Braun* of counsel), for appellant.

*Howard R. Relin, District Attorney* (*Louise Boillat* of counsel), for respondent.

### OPINION OF THE COURT

DILLON, P. J.

The jury found defendant guilty of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]), criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [5]) and disposing of a weapon (Penal Law, § 265.10, subd 4), all arising from his possession and sale of a handgun and loaded bullet clip.

Aside from the evidence offered on the People's direct case that the handgun was operable, the other relevant facts may be drawn from the defendant's testimony at trial. He acknowledged that on August 9, 1979 he possessed a .25 caliber handgun and loaded bullet clip, and he admitted that he sold the gun and clip to an undercover police officer for $80. He also stated that earlier on the same day he had received the gun and clip from a man known to him only as Mugsy, who had told him that the gun was an antique and

had no firing pin. He further testified that the gun was rusty and that a third party had told him that it was "garbage".

Although defendant raises three issues on appeal, comment is required only on one. He argues that the trial court erred in refusing his request to charge that the jury could not find him guilty of criminal possession of a weapon in the third degree absent proof beyond a reasonable doubt that he knew that the gun was operable. He contends that since an inoperable pistol is not a firearm, he could not be aware that he was in possession of a firearm without knowing that the pistol he possessed was operable. Despite its apparent logical appeal, the argument must fail.

A firearm is defined as including a pistol or revolver other than an antique (Penal Law, § 265.00, subd 3). While the statutory definition does not allude to operability, it is well settled that a pistol or revolver must be operable before there can be a conviction for possession of a firearm as a weapon (*People v Grillo,* 15 AD2d 502, affd 11 NY2d 841; *People v Donaldson,* 49 AD2d 1004).

The minimal requirement for criminal liability is the doing of a voluntary act (Penal Law, § 15.10) which, by definition, includes "the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it" (Penal Law, § 15.00, subd 2). Thus, an element of the crime of possession of a weapon is the defendant's awareness of his possession (*People v Cohen,* 57 AD2d 790).

It does not follow, however, that defendant must know that the pistol or revolver he possesses is operable, and that the People must prove such knowledge as an element of the crime. The plain language of subdivision (4) of section 265.02 does not require the proving of any such element, and the other language contained in section 265.02 demonstrates the absence of an intention that knowledge of operability should be an element of subdivision (4) (contrast subdivision [3] where the word "knowingly" is employed and see various other sections of article 265 where knowledge or intention are made elements). It is thus clear that the Legislature intended that possession of a firearm as a weapon be per se criminal without the

requirement of a culpable mental state (see Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 265.01, pp 448-451; cf. *People v Messado,* 49 AD2d 560; see, also, *People v Newton,* 61 AD2d 1051, affd 46 NY2d 877; *People v Parker,* 96 AD2d 1063; *People v Strawder,* 78 AD2d 810 [all construing Penal Law, § 160.15]).

Here defendant was aware of his possession of the handgun for some length of time, and that is all, by way of knowledge, that is statutorily required (see Penal Law, §§ 15.10, 15.00, subd 2).

We have examined the other issues raised by defendant and find them to be without merit.

Accordingly, the judgment should be affirmed.

CALLAHAN, GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Judgment unanimously affirmed.