OPINION OF THE COURT
Rena K. Uviller, J.
Is the possession of a defaced firearm (Penal Law § 265.02 [3]) a crime of general or specific intent?[1] Must the People *823 prove defendant’s actual knowledge of the defacement or is this a crime of strict liability? On the eve of this nonjury trial both parties requested clarification of the prosecutor’s burden, inasmuch as neither New York cases nor statutory commentary address the question directly.
At a minimum, conviction for possession of any weapon requires proof that the possession was knowing, in the sense that the defendant was aware that the proscribed object was on his person or otherwise under his dominion and control. (People v Sanchez, 110 AD2d 665; People v Ansare, 96 AD2d 96; People v Cohen, 57 AD2d 790.) New York courts and those in other jurisdictions, however, have generally declined to extend the knowledge requirement to the specific characteristics or nature of the weapon.
In People v Ansare (96 AD2d 96, supra), for example, the defendant was convicted of possession of a loaded firearm. (Penal Law § 265.02 [4].) He conceded that he knew he had a gun and ammunition, but testified that he believed the gun was inoperable. Inasmuch as an inoperable gun does not constitute a firearm (People v Donaldson, 49 AD2d 1004), he argued that the trial court erred when it refused to charge that the People were obliged to prove his knowledge of operability. Sustaining the conviction, the Appellate Division concluded that it was “clear that the Legislature intended that possession of a firearm * * * [is] per se criminal without the requirement of a culpable mental state”. (96 AD2d, at 97-98.) Noting the absence of statutory language regarding knowledge, the court held that knowledge of operability was not an element of the crime. (See also, People v Roberts, 73 Misc 2d 500, appeal dismissed 79 Misc 243.)
To the same effect are People v Tracey A. (97 Misc 2d 1053) where defendant’s conviction for first degree burglary (armed with a deadly, that is, a loaded weapon) did not require proof she knew the gun was loaded. (See also, People v Daniels, 118 Cal App 2d 340, 257 P2d 1038 [knowledge that the weapon was a machine gun unnecessary to sustain conviction for possession of machine gun]; State v Winders, 366 NW2d 193 [Ct App, Iowa 1985] [defendant guilty of possessing an "offensive weapon”, that is, a weapon with a barrel shorter than the legal limit, even if she did not know what the relevant lengths were].)
*824 By analogy, it would seem that proving the defendant’s specific knowledge of a gun’s defacement is not part of the People’s burden in establishing his guilt for possession of it. Yet an examination of Penal Law § 265.02 (3) and its history dictate the opposite conclusion. First and foremost, the plain language of the statute expressly proscribes the "knowing” possession of a defaced weapon. This statutory specification of a culpable mental state thereby distinguishes defaced weapons from most other' possessory crimes contained in article 265.[2] And where a culpable mental state is specified for any element of a crime, the Penal Law instructs that "it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears.” (Penal Law § 15.15 [1]; see, People v Ansare, 96 AD2d 96, supra.) Since no such limiting language is evident in this statute, it must be assumed that the specified mental state "knowingly” extends to the element of defacement.

*

The statute’s legislative history confirms that the inclusion of the word "knowingly” was not inadvertent. Rather, it reflected a legislative intent to make knowledge of defacement an element of the crime. Before 1946 the Penal Law contained no references to defaced weapons. Laws of 1946 (ch 112) added a new section defining defaced weapon offenses and making it a felony to knowingly possess such a weapon. The drafters used the term "knowingly” even though that term was absent from then existing statutes defining other weapons offenses. The term was retained in later revisions of the Penal Law.
In 1960, the Legislative Commission on Firearms apd Ammunition embarked upon a major revision which culminated in 1963 legislation designed to rationalize, reorganize and standardize all existing weapons provisions. They were brought together in one section, section 1897 of the former Penal Law, the immediate precursor of the instant article 265.[3] Subdivision (7) of section 1897 concerned defaced weapons and retained the word "knowingly”. In its note appended *825 to the law, the Firearms Commission expressly observed that "[t]he first five subdivisions [of section 1897] deal with conduct that requires no particular state of mind and the remaining three [including subdivision (7)] with conduct that makes such requirement.” (1963 McKinney’s Session Laws of NY, notes to ch 136, at 167.)
Finally, to require actual knowledge of defacement as an element of this crime is consistent with other defaced weapons provisions of article 265 and saves those provisions from constitutional infirmity. Section 265.15 (5) provides that "[t]he possession by any person of a defaced machine-gun, firearm, rifle or shotgun is presumptive evidence that such person defaced the same.” Section 265.10 (6) makes it a felony to deface any machine gun or firearm. The statutory presumption (that the mere possessor is the one who defaced the gun) is constitutional only if it is based upon a rational connection between the fact proved (that is, possession of a defaced weapon) and the ultimate fact to be presumed (the act of defacement) (Ulster County Ct. v Allen, 442 US 140; People v Lemmons, 40 NY2d 505). Unless there is evidence that the possessor actually knew the gun was defaced, there would be no rational basis for presuming he was the defacer. Thus, knowledge of defacement must be an element of the possessory crime if the statutory inference to be drawn from possession (that is, that the possessor is the one who defaced it) is to survive constitutional scrutiny.
For all of the foregoing reasons I conclude and rule that defendant’s knowledge of defacement is an element of this crime and is part of the People’s burden of proof.

. Section 265.02 (3) of the Penal Law provides:
"A person is guilty of criminal possession of a weapon in the third degree when * * *
"(3) He knowingly has in his possession a machine-gun, firearm, rifle or shotgun which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun, firearm, rifle or shotgun”.

. With the exception of Penal Law § 265.01 (3) (possession of a weapon ón premises used for educatiorial purposes) and § 265.01 (7) (possession of certain type of bullet) all other weapons possession crimes require only a general mens rea as far as the specific characteristics or nature of the weapon are concerned.

. The draftsmen of the Revised Penal Law of 1965 incorporated section 1897 almost verbatim into Penal Law §§ 265.01 and 265.02. (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 265, at 438.)