[No. 8967-3-III.   Division Three.   June 8, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE R. ANDERSON, ET AL, *Defendants,* RALPH L. SHARKEY, *Appellant.*

*John Troberg,* for appellant.

*Allen C. Nielson, Prosecuting Attorney,* for respondent.

SHIELDS, J.—Ralph L. Sharkey was charged with carrying a loaded pistol in a vehicle without a license, RCW 9.41-.050(3). At a pretrial hearing, Mr. Sharkey contended the State was required to prove knowledge that the pistol was loaded as an element of the crime. In the alternative, Mr. Sharkey asserted he was entitled to present an affirmative defense he did not know the gun was loaded. The trial court ruled "[t]he crimes defined by RCW 9.41.050 do not require the proof of guilty knowledge." The sole issue on appeal is whether the court erred in this ruling. We affirm.

On June 30, 1987, while transporting a prisoner from a marijuana grow operation located on national forest property in Ferry County, members of the Ferry County Sheriff's Office encountered a vehicle driven by Mr. Sharkey. As soon as he saw the deputies, he started backing up at a fairly fast rate of speed. When Mr. Sharkey's truck finally stopped, the deputies drove beside it and ordered him to exit the vehicle. After the third request Mr. Sharkey obeyed but not until the deputies had observed him fidgeting with something in the truck below their eye level.

After Mr. Sharkey was frisked, a deputy walked forward to the window on the passenger side of the pickup where he saw what appeared to be a pistol partially concealed by a ball cap. The deputies seized the pistol and a loaded clip lying next to it. One round of ammunition was found in the chamber. Mr. Sharkey admitted at trial the pistol was his and that he did not have the required permit. However, he also testified he had disengaged the clip but had failed to check the chamber so was unaware the pistol was still loaded. A jury convicted him.[1]

Mr. Sharkey contends RCW 9.41.050(3)(c) implicitly requires proof of knowledge that the gun being carried in the vehicle is loaded, analogizing to drug cases in which the defendant is entitled to an unwitting possession instruction, citing *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006, 73 L. Ed. 2d 1300, 102 S. Ct. 2296 (1982).

RCW 9.41.050(3) provides:

A person shall not carry or place a loaded pistol in any vehicle unless the person has a license to carry a concealed weapon and: (a) The pistol is on the licensee's person, (b) the licensee is within the vehicle at all times that the pistol is there, or (c) the licensee is away from the vehicle and the pistol is locked within the vehicle and concealed from view from outside the vehicle.

---

[1]Mr. Sharkey was also convicted of manufacturing a controlled substance, RCW 69.50.401(a), but raises no issue on appeal with respect to this charge.

A comment to WPIC 133.05.01 notes the statute contains "no mental element".

■ There is a precedent for strict liability crimes. *Cleppe,* at 377–81, rejected intent of guilty knowledge as an element of proof of unlawful possession of a controlled substance, although it recognized the affirmative defense of unwitting possession ("possession for which the law will [not] convict", *Cleppe,* at 381).

Here, the trial court distinguished drug cases from violations of the firearms statute, noting the Legislature had not indicated an intent to include guilty knowledge as an element of the crime.[2] In *People v. Dillard,* 154 Cal. App. 3d 261, 201 Cal. Rptr. 136 (1984) the court addressed the identical issue and concluded knowledge is not an element of the offense, finding it was a matter of legislative intent, as construed by the courts, citing *United States v. Balint,* 258 U.S. 250, 66 L. Ed. 604, 42 S. Ct. 301 (1922). *See State v. Stroh,* 91 Wn.2d 580, 588 P.2d 1182, 8 A.L.R.4th 760 (1979) (court found implied element defendant must know the person he tampered with was a witness).

*Dillard,* at 265, recognized

> certain kinds of regulatory offenses enacted for the protection of the public health and safety are punishable despite the absence of culpability or criminal intent in the accepted sense. . . . [T]he primary purpose of the statutes is regulation rather than punishment or correction.

---

[2]The trial court noted:

"The legislat[ure], if they chose to make that a crime requiring guilty knowledge, certainly have had a long time in which to do so, and that statute has been on the books a long time. Mr. Nielson has cited a couple of cases from other jurisdictions which have indicated that statutes there have been approved for firearms which basically are . . . no guilty knowledge is required. Our case law also says that there can be such situations, and so I'm going to find that the statute here, there's no indication from the legislature that they intended guilty knowledge to be an element, and therefore that it's not an element, and therefore . . . is simply not something that is going to be an issue at trial and I would not give an instruction on that."

The court continued, at page 266:

The carrying of a loaded weapon in a public place, we believe, falls within the class of cases involving "'acts that are so destructive of the social order, or where the ability of the state to establish the element of criminal intent would be so extremely difficult if not impossible of proof, that in the interest of justice the legislature has provided that the doing of the act constitutes a crime, regardless of knowledge or criminal intent on the part of the defendant. . . .'" . . . Section 12031, subdivision (a), is, in our view, a quintessential public welfare statute which embraces a legislative judgment that in the interest of the larger good, the burden of acting at hazard is placed upon a person who, albeit innocent of criminal intent, is in a position to avert the public danger. (See *Morissette* v. *United States,* [342 U.S. 246, 260, 96 L. Ed. 288, 72 S. Ct. 240, 248 (1952)]; *United States* v. *Balint, supra,* 258 U.S. at p. 252 [66 L. Ed. at p. 605]).

*See also People v. Daniels,* 118 Cal. App. 2d 340, 257 P.2d 1038 (1953); *State v. Winders,* 366 N.W.2d 193 (Iowa Ct. App. 1985); *People v. Velasquez,* 139 Misc. 2d 822, 528 N.Y.S.2d 502, 503 (1988); *People v. Ansare,* 96 A.D.2d 96, 468 N.Y.S.2d 269 (1983); *People v. Tracey A.,* 97 Misc. 2d 1053, 413 N.Y.S.2d 92 (1979).

*Dillard,* at 267, additionally stated that when "knowledge that the weapon is loaded is not an element of the offense . . . lack of such knowledge is not a defense", but was careful not to include in its ruling those fact patterns which involved a good faith and reasonable mistake of fact as to whether the weapon was loaded.

█ The testimony of Mr. Sharkey at trial might suggest a good faith and reasonable mistake of fact, because of the separation of the clip from the gun. However, Mr. Sharkey did present such a theory to the jury through his own testimony and could have presented it in closing argument under the instructions given, but chose not to do so. Thus, the issue of mistake of fact is not before us here. He also has not presented any arguments as to the burden of proof

necessary to sustain the defense, as discussed by us in *State v. Knapp,* 54 Wn. App. 314, 773 P.2d 134 (1989).

Mr. Sharkey's conviction is affirmed.

THOMPSON, C.J., and GREEN, J., concur.