■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CRUTE, Appellant. [653 NYS2d 549] —Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered September 8, 1994, convicting defendant upon his plea of guilty of criminal possession of a dangerous weapon in the first degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 6 to 12 years, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

The indictment herein charged defendant with robbery in the first and second degrees, arising from the accomplice-aided, gunpoint robbery of a Bronx store. Defendant was arrested almost immediately, in flight, and found to be in possession of a shotgun and several live rounds of ammunition. By the time of defendant's plea proceedings, his accomplice had already been convicted of first-degree robbery after a jury trial before the same Judge. The court opined that while the evidence against defendant was far stronger, he was nonetheless entitled to have a jury tell him so.

After full consultation with his counsel and his wife, defendant expressed a willingness to plead guilty and to accept the sentence ultimately imposed. But for reasons best known to himself and not articulated on the record, he was apparently unwilling to plead to the top robbery count (a class B felony). With doubtless well-intentioned judicial and lawyer creativity, an agreement was struck whereby defendant pleaded guilty to "an added count" of criminal possession of a dangerous weapon in the first degree (Penal Law § 265.04), which was likewise a class B felony.

The illegality of this plea arrangement arises not so much from the failure of shotgun shells to qualify as an "explosive substance" (Penal Law § 265.04), as from the fact that the count pleaded to is not a lesser included offense of robbery. While a "bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" (*People v Clairborne*, 29 NY2d 950, 951), the vice of this plea

lies in its fatal conflict with CPL 220.10. The "only kinds of pleas" (CPL 220.10) which may be entered are, as relevant here, to offenses actually charged in the indictment, or to lesser included offenses (CPL 220.10 [4]). For example, a defendant may not plead guilty to criminal sale of a controlled substance in satisfaction of an indictment charging criminal possession, because the former is not a lesser included offense of the latter (*People v Johnson*, 89 NY2d 905). Since possession of explosives can, under no circumstances, be regarded as a lesser included offense of robbery in any degree, the same error taints the plea at bar. The defect being jurisdictional, it cannot be waived (*People v Johnson, supra*). Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.