OPINION OF THE COURT
Frank P. Geraci, Jr., J.
On March 6, 1999, the defendant filed an omnibus motion requesting, among other relief, that the court inspect the Grand Jury minutes and dismiss or reduce various counts of the indictment based upon legal insufficiency of the evidence presented and that the proceedings were defective. The People filed a response alleging that the evidence presented to the Grand Jury was sufficient and the proceeding was proper in all respects.
The defendant is charged in a six-count indictment with burglary in the first degree in violation of section 140.30 (1) of the Penal Law of the State of New York, and five counts of grand larceny in the fourth degree in violation of subdivisions (1), (4) (2 counts), (7) and (8) of section 155.30 of the Penal Law.
After inspection of the Grand Jury minutes, the court finds that the evidence presented supports all the elements of the charges contained within the second, third, fourth and fifth counts.
In count six, the defendant is charged with grand larceny in the fourth degree in violation of Penal Law § 155.30 (8). The indictment alleges that the defendant on or about September 29, 1998, in the County of Monroe, State of New York, did steal property the value of which exceeded $100 and did consist of a motor vehicle belonging to the Dickasons, to wit, a 1987 Ford van. Under Penal Law § 155.30 (8) the value of the motor vehicle stolen must exceed $100. There being no evidence presented to the Grand Jury regarding the value of the van that charge must be dismissed. (See, People v Lopez, 79 NY2d 402; CPL 190.30 [3].)
In the first count of the indictment the defendant is charged with burglary in the first degree in violation of section 140.30 (1) of the Penal Law of the State of New York alleging that on or about September 29, 1998, in the County of Monroe, State of New York, the defendant knowingly entered or remained unlawfully in a dwelling with intent to commit a crime therein and when in effecting entry or while in the dwelling or in the immediate flight therefrom, he or another participant in the crime was armed with a deadly weapon, to wit, a .22 caliber derringer.
*784 The evidence presented to the Grand Jury indicated that the defendant entered the subject dwelling, and among other property, took a laptop computer case which contained a .22 caliber derringer. The owner testified that the handgun was loaded and recently found it to be operational. There is no testimony that the defendant opened the laptop computer case or had any reason to know that it contained a handgun.
The defense contends that to support a charge of burglary in the first degree the evidence must establish that the defendant had knowing possession of the weapon. Arguing further that by use of the term “armed with” to describe the factor which enhances a burglary in the second degree to burglary in the first degree, instead of the term “possession” the Legislature intended a more active usage of the instrument than mere possession. If the Grand Jury testimony is devoid of evidence of knowing possession, the defense argues that the burglary in the first degree must be dismissed or reduced to burglary in the second degree.
The prosecution opposes the defense motion arguing that whether or not the defendant knew that there was a loaded weapon in the property is of no concern. They contend that knowledge is a factual issue that can be argued to a jury. They further state that the statute on its face requires no knowledge on the part of the defendant.
The term “deadly weapon” as defined in Penal Law § 10.00 (12) means “any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged”. In order to establish that the instant gun was a deadly weapon, as required for the burglary first charge, the prosecution needed to present evidence that it was both operable and loaded with live ammunition (People v Shaffer, 66 NY2d 663, 664). There was no evidence presented to the Grand Jury that a qualified firearms’ expert performed testing on the subject firearm to determine its operability. Although a certified laboratory report would have sufficed, none was presented. (See, CPL 190.30 [2].) The testimony elicited from the owner that the weapon was kept loaded and was operational the last he knew is not sufficient to show that the firearm was operational on the day in question.
The defense further requests dismissal of the burglary first charge on the grounds that there was insufficient evidence that the defendant was armed.
In People v Tracey A. (97 Misc 2d 1053, 1055), the court stated that a person arms himself when he is furnished with or *785 equipped with weapons of offense or defense. The word “armed” applies to any situation where a gun or deadly weapon is within the immediate control of a person and is available for his use. It is clear from the logic of this ruling that a burglar who steals an unloaded revolver does not arm himself with a deadly weapon, however, a burglar who takes a revolver and loads it with bullets found there, or has bullets available, has indeed armed himself. In the instant case the evidence presented to the Grand Jury indicates that the defendant stole the laptop computer case which contained the .22 caliber derringer, however, there is no proof that he ever opened the case or knew that the laptop contained the firearm.
Penal Law § 15.00 (2) defines a voluntary act as a consciously performed bodily act, including “the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it.” In People v Saunders (85 NY2d 339, 341-342), the Court of Appeals stated that “the corpus delicti of weapons possession under Penal Law § 265.01 (1) is the voluntary, aware act of the possession of a weapon, with the additional feature of operability of the firearm.”
In advising of the elements of the charge of burglary in the first degree, the prosecutor instructed the Grand Jury on the definition of “loaded firearm” as set forth in Penal Law § 265.00 (15), even though the defendant was not charged with violating any provision of Penal Law article 265 and the relevant grand larceny fourth degree charge in violation of Penal Law § 155.30 (7) only pertained to the theft of a “firearm” not a “loaded firearm”. In People v Wilson (252 AD2d 241), the Fourth Department reduced a burglary in the first degree conviction to burglary in the second degree where the defendant was not charged with possessing a “loaded firearm” as defined in Penal Law § 265.00 (3) and (15), nor with having violated any provision of Penal Law article 265, yet the lower court enlarged the definition of a “deadly weapon” (Penal Law § 10.00 [12]) by en-grafting onto it the definition of “loaded firearm” (Penal Law § 265.00 [15]). The Fourth Department pointed out that the definition of “loaded firearm” has a much more limited function pertaining only to crimes contained in Penal Law article 265 and that the concepts of “deadly weapon” and “loaded firearm” do not overlap and were intended to serve discrete functions. In Wilson, by misdefining the Penal Law elements, the lower court also erred in permitting the jury to find that an unloaded shotgun was loaded, so long as the defendant simultaneously possessed ammunition.
*786 There being insufficient evidence presented to the Grand Jury that the defendant was armed with a deadly weapon, the burglary in the first degree charge contained within the first count of the indictment must be reduced to burglary in the second degree.