OPINION OF THE COURT
John P. Colangelo, J.
Defendant Travis Robinson moves pursuant to Criminal Procedure Law § 440.10 (1) to vacate the judgments of conviction under superior court information No. 108-01 for assault in the second degree (SCI 108-01), and under superior court information No. 1666-03 for attempted criminal possession of a weapon in the third degree (SCI 1666-03). In the alternative, defendant seeks to set aside the sentences under both of those dockets pursuant to section 440.20 (1) of the Criminal Procedure Law on the grounds that they were unauthorized, illegal or invalid as a matter of law.
With respect to SCI 108-01, defendant was initially charged by felony complaint with robbery in the first degree under Penal Law § 160.15 (1) with respect to an incident that occurred on May 26, 2000 in Yonkers, New York. Defendant was held for the action of the grand jury in Yonkers City Court on that charge. However, on June 11, 2001, Robinson pleaded guilty not to robbery in the first degree, but to assault in the second degree *974 under Penal Law § 120.05 (1) — the sole count charged in SCI 108-01 — and on July 16, 2001 received a negotiated local prison sentence of one year’s incarceration in the Westchester County Jail.
After he was released on that charge, defendant was arrested on January 8, 2003 and charged by felony complaint with attempted criminal possession of a weapon in the third degree. On April 28, 2003 defendant pleaded guilty to the class E violent felony of attempted criminal possession of a weapon in the third degree under SCI 1666-03. Following the entry of Robinson’s plea on that docket, the People filed a violent predicate felony conviction statement and, in open court, defendant admitted his prior conviction for assault in the second degree — a violent felony offense under article 70 of the Penal Law — and admitted that such conviction was lawfully obtained. On July 14, 2003, Robinson was sentenced on SCI 1666-03 as a second violent felony offender to the promised and negotiated sentence of a determinate term of three years’ incarceration in state prison, followed by five years’ postrelease supervision. As a condition of his pleas on both SCI 108-01 and SCI 1666-03, defendant waived his right to appeal the convictions and sentences imposed.
In his instant motion, defendant contends that the court lacked jurisdiction to accept a guilty plea to assault in the second degree under SCI 108-01 since assault in the second degree was neither an offense charged in the felony complaint nor a lesser included offense of robbery in the first degree — the charge on which he was held by the Yonkers City Court for the action of the grand jury. Accordingly, defendant asserts, the superior court information on that docket did not properly confer jurisdiction on the Westchester County Court. With respect to SCI 1666-03, defendant maintains that the proceedings surrounding his plea to attempted criminal possession of a weapon in the third degree were infected by the error on SCI 108-01, since defendant’s presumed status as a second violent felony offender at the time of his plea under SCI 1666-03 formed, at least in part, the basis for his consent to the negotiated guilty plea and sentence under SCI 1666-03. Defendant argues that absent the defective prior conviction, he would not have been offered and would not have agreed to plead guilty to attempted criminal possession of a weapon in the third degree and certainly would not have been adjudicated or sentenced under SCI 1666-03 as a second violent felony offender. Accordingly, defendant claims *975 that since the process leading to his conviction under SCI 1666-03 was tainted by a jurisdictionally defective conviction under SCI 108-01, the conviction and the sentence on that docket must also be set aside as well.
The People oppose defendant’s motion and cite the nine-year delay in bringing the instant application as well as the defendant’s waiver of his right to appeal as grounds for denial. The People maintain that, notwithstanding the superficial appeal of defendant’s contentions, under CPL 440.10 (2) (c) the court is required to deny such a motion where, as here
“sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, [but] no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period.”
The People argue that since the defendant was represented by counsel throughout and assured the court that his waiver of the appeal was discussed by him with counsel, defendant is effectively foreclosed from challenging his conviction under either SCI by way of the instant CPL article 440 motion.
For the reasons set forth below, the court concludes that defendant must prevail on SCI 108-01 due to this court’s lack of jurisdiction, but not on SCI 1666-03.
SCI 108-01 — Discussion and Conclusions.
Article I, § 6 of the New York State Constitution provides, in pertinent part, as follows:
“No person shall be held to answer for [an] infamous crime . . . unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney, such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel.” (Emphasis added.)
Article 195 of the Criminal Procedure Law was enacted to implement this constitutional prescription and established a procedure which allows for the waiver of indictment and prosecution by superior court information. CPL 195.10 (1) provides *976 that a defendant may waive indictment and consent to be prosecuted by a superior court information when a local criminal court has held the defendant for the action of the grand jury, the defendant is not charged with a class A felony, and the district attorney consents to the waiver. All such prerequisites for an SCI were met in the instant case concerning SCI 108-01. However, Robinson’s plea to a crime for which he was not charged in the original felony complaint proves problematic since the crime to which he pleaded — assault in the second degree — was not a lesser included offense to that original charge — robbery in the first degree.
For purposes of waiver of the right to an indictment under CPL 195.20, a defendant may plead guilty by way of an SCI to a lesser included offense of a crime charged in the original felony complaint since such lesser included offense is viewed as the “same offense” and may therefore be substituted for the original charge in a waiver of indictment and SCI. (People v Pierce, 14 NY3d 564 [2010].) Thus, when a defendant is held for action of the grand jury in a local criminal court, he or she is deemed held for action of the grand jury on all lesser included offenses as well as the greater offense charged in the felony complaint. (People v Kohl, 19 AD3d 1155 [4th Dept 2005]; People v Menchetti, 76 NY2d 473 [1990].)
A lesser included offense is defined as an offense of lesser grade or degree, and that in all circumstances, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. (People v Glover, 57 NY2d 61 [1982].) In determining whether a particular offense is lesser included of another crime, a theoretical comparison must be made of the act or omission which each statute makes criminal. (People v Green, 56 NY2d 427 [1982].) When made in the instant case, such comparison reveals that the crime to which defendant pleaded in SCI 108-01 — assault in the second degree — is not a lesser included offense to the first degree robbery charge set forth in the original felony complaint.
Under Penal Law § 160.15 (1), a person is guilty of robbery in the first degree when he or she “forcibly steals property” from another person, and in “the course of the commission of the crime or of immediate flight therefrom . . . [c]auses serious physical injury” to a person who was not a fellow participant in the crime. In contrast, a person is guilty of assault in the second degree under Penal Law § 120.05 (1) when, “[w]ith intent to cause serious physical injury to another person, he causes such injury to such person.” (Emphasis added.)
*977 The element of intent with respect to the crime of robbery in the first degree relates to the forcible taking of property — not to causing physical injury — and the intent required is to deprive an owner of such property. The injury that occurs is a mere circumstance of the crime, for which a defendant so charged is strictly culpable without regard to his or her intent to cause such injury. With respect to assault in the second degree, the intent required is, in and of itself, to cause serious physical injury as a required element of the crime, and a defendant’s behavior must be designed to effectuate that result. Thus, as several courts have held, the fact that both crimes contemplate the occurrence of an injury does not make one a lesser included offense of the other.
For example, in People v Strawder (78 AD2d 810 [1st Dept 1980]), the First Department was constrained to reverse a conviction as jurisdictionally defective under circumstances similar to those that obtain herein. In Strawder, the trial court erroneously charged and submitted to the jury the offense of assault in the second degree as a lesser included offense of the crime of attempted robbery in the first degree charged in the indictment. The First Department reversed defendant’s conviction for assault in the second degree and dismissed the indictment on the ground that it was jurisdictionally defective since that crime required an intent to cause injury which is not a necessary element to a robbery charge, and “no form of intentional assault was charged in the indictment” {id. at 811). As the Court held,
“The People, with commendable candor, concede that the conviction must be reversed and the indictment must be dismissed because there is a jurisdictional bar to the submission of the assault count under that section of the Penal Law which requires intent, since no form of intentional assault was charged in the indictment. The trial court charged and submitted as a lesser included offense assault in the second degree, which the court charged required proof of ‘intent to cause serious physical injury to another person’. This is an element not required to establish the greater offense of robbery in the first degree (Penal Law, § 160.15, subd 1). It is not necessary to prove ‘intent to cause physical injury’ in order to prove the injury element of robbery in the first degree which requires only that the People establish that defendant caused a nonpartici *978 pant in the crime to suffer ‘serious physical injury’ (Penal Law, § 160.15, subd 1; People v Newton, 61 AD2d 1051, 1052, affd, 46 NY2d 877). An ‘intent to cause serious physical injury’ is not an element of any count in the indictment. Hence it could not be an element of a lesser included offense of any charge in the indictment . . . There was a jurisdictional bar to submitting the intent felony.” (Id.; see also People v Crute, 236 AD2d 208 [1st Dept 1997]; People v Ruckdeschel, 51 AD2d 861 [4th Dept 1976]; People v Ricco, 11 AD3d 343 [1st Dept 2004].)
Accordingly, the fact that in the instant case the complainant sustained serious physical injury, which is an element required for both statutes, does not make assault in the second degree under Penal Law § 120.05 (1) a lesser included offense of robbery in the first degree, since the intent to cause such injury is not an element of the crime of robbery in the first degree. Thus superior court information No. 108-01 did not confer jurisdiction on the County Court under CPL 195.20. Since the County Court did not acquire jurisdiction of SCI 108-01 pursuant to valid superior court information, and since Robinson was never indicted for the crime to which he purportedly pleaded — assault in the second degree — his conviction for that charge cannot stand. This result obtains despite the undisputed fact that Robinson consented to being so prosecuted and voluntarily pleaded guilty. The Court of Appeals has so indicated.
In People v Zanghi (79 NY2d 815 [1991]), the Court of Appeals made clear that the right to be prosecuted only by indictment implicates the jurisdiction of the court. A defendant’s claim that the court so lacked jurisdiction may be reviewed even though the defendant did not object to — or indeed even consented to — his or her prosecution on the information he or she subsequently contends was defective. Significantly, as the Court held, permitted offenses for waiver purposes include all lesser included offenses of the crime charged in the original felony complaint, but do not include other offenses which have additional aggravating elements. In Zanghi, the waiver of indictment and SCI were held invalid since defendant was charged with criminal possession of stolen property (CPSP) in the fourth degree in the felony complaint on which he was arraigned and held for grand jury action, and the SCI to which he pleaded guilty charged third degree CPSP which was neither in the felony complaint, nor a lesser included offense of fourth degree CPSP Indeed, in Zanghi, even though the factual portion of the
*979 felony complaint contained sworn allegations sufficient to establish the additional element necessary for the higher offense, the Court made clear that the crime charged in the accusatory part of the felony complaint alone governed. (79 NY2d at 818; see also People v Crute, 236 AD2d 208, 209 [1st Dept 1997] [“Since possession of explosives can, under no circumstances, be regarded as a lesser included offense of robbery in any degree, the same error taints the plea at bar. The defect being jurisdictional, it cannot be waived”]; People v Johnson, 89 NY2d 905 [1996].)
The Court of Appeals recently reaffirmed the principles enunciated in Zanghi regarding the sufficiency, or lack thereof, of an SCI under CPL article 195 in People v Pierce (14 NY3d 564 [2010]). In Pierce the Court noted that “[t]he waiver [of indictment] procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint . . . and it is in reference to those charges that its availability must be measured.” (Id. at 571; see also People v D’Amico, 76 NY2d 877 [1990]; People v Trueluck, 88 NY2d 546 [1996]; People v Crute, 236 AD2d 208 [1st Dept 1997].)
In the instant case, the failure of SCI 108-01 to include the offense from the felony complaint on which the defendant was held for action by the grand jury, or a lesser included offense of that charge, rendered the accusatory instrument — the SCI on which Robinson purportedly pleaded — jurisdictionally deficient. It is axiomatic that a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v McGuire, 5 NY2d 523 [1959]; see also People v Johnson, 89 NY2d 905 [1996].) Since the court lacked jurisdiction to accept the defendant’s waiver of indictment and guilty plea, his guilty plea and conviction must be vacated. Accordingly, SCI 108-01 is dismissed with further proceedings to follow upon the original felony complaint.
SCI 1666-03 — Discussion and Conclusions
With respect to SCI 1666-03, defendant’s argument that his plea and conviction under that SCI should be vacated in their entirety because at the time of his plea, he was, in actuality, not a predicate violent felon and therefore might have received a more favorable plea offer from the prosecution or evaluated the offer he did receive in a different light, is a mere exercise in speculation. Despite this court’s conclusion regarding SCI 108-01, the following salient facts underlying Robinson’s plea to the felony of attempted criminal possession of a *980 weapon in the third degree under SCI 1666-03 remain: Robinson was represented by counsel throughout the proceeding, and defendant makes no claim that such representation was inadequate; Robinson pleaded guilty in open court and was fully allocuted by the Assistant District Attorney — an allocution that contained what the presiding judge found to be a knowing, intelligent and voluntary plea to the charge and admission to the essential facts underlying that charge; the agreed upon sentence defendant received, albeit as a predicate violent felony offender, was to a state prison term less than the maximum sentence that could have been imposed for that crime whether or not defendant was adjudicated a violent predicate felon. (See Penal Law §§ 70.04, 70.06.)
Moreover, unlike the situation present in SCI 108-01, it is undisputed that the court had jurisdiction to accept Robinson’s plea and impose the sentence agreed upon. Under these circumstances, there is no reason to suppose — other than defendant’s wishful thinking — that the bargained for sentence in terms of prison or postrelease time would have been different had the parties known that defendant was not actually a prior violent felon.
Accordingly, defendant’s motion to vacate his plea and conviction for attempted criminal possession of a weapon in the third degree under SCI 1666-03 is denied. However, in light of the court’s decision under SCI 108-01 as discussed above, defendant must nonetheless be resentenced under SCI 1666-03 in order to remove the designation of a violent predicate felony offender from the sentence initially imposed. Defendant is therefore directed to appear or be produced in this court on February 28, 2011 for further proceedings consistent with this court’s decision.